AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 0 7 - 0 0 5 _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

_____1-4-07_____
(Date forms issued)

_____
(Signature of Party or their Representative)

_____David A. Smiley_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

OFFICE OF THE CLERK
## UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

RE:   C.A.# _07 - 0 0 5_____

CASE CAPTION: David A. Smiley   v. Daimler Chrysler Corp.

## ACKNOWLEDGMENT  OF  RECEIPT  FOR  F.R.Civ.P.  4

       I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal Rules of Civil Procedure, and understand that it is my responsibility to make service of process on defendants in accordance with this rule.

Date Received   4 Jan 07           Signed: _____
by Plaintiff:                                        Pro Se Plaintiff

Date Received   1-4-07             Signed: _____
by Clerk's office:                                    Deputy Clerk

Note:  If you received Federal Rule  4 by mail, please sign this receipt and return it to:

    Clerk
    U.S. District Court
    844 N. King Street          If applicable,  Rule 4 mailed to plaintiff:
    Lockbox 18
    Wilmington, DE 19801
                                        Date mailed

                                                 By  Deputy Clerk

cc:  Docketing Clerk

RECEIVED

2007 JAN -4  PM 4: 03

DISTRICT OF DELAWARE
CLERK U.S. DISTRICT COURT
FILED

(Del. Rev. 12/98)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

David A. Smiley

_____
(Name of Plaintiff or Plaintiffs)

v.

CIVIL ACTION No. 07 - 005

Daimler Chrysler

_____
(Name of Defendant or Defendants)

2007 JAN -4  PM 3:5

## _COMPLAINT UNDER TITLE VII_

## _OF THE CIVIL RIGHTS ACT OF 1964_

1.    This action is brought pursuant to *Title VII of the Civil Rights Act of 1964*, as amended, for **employment discrimination**. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2.    Plaintiff resides at 1956 Seneca Road
(Street Address)
Wilmington  New Castle  DE  19805
(City)        (County)       (State)        (Zip Code)
302 426-0395
(Area Code) (Phone Number)

3.    Defendant resides at, or its business is located at 550 South College Ave.
(Street Address)
Newark  New Castle  De  19713-1383
(City)        (County)       (State)        (Zip Code)

4.    The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's Daimler Chrysler  place of bussiness
(Defendant's Name)
located at 550 South College Avenue
(Street Address)
Newark  New Castle  DE  19713-1383
(City)        (County)       (State)        (Zip Code)

5.    The alleged discriminatory acts occurred on ___13___ , ___MAY___ , ___2005___ .
                                                     (Day)        (Month)       (Year)

6.    The alleged discriminatory practice    **O** is    **⊙** is not continuing.

7.    Plaintiff filed charges with the Department of Labor of the State of Delaware,
Delaware Dept of Labor 4425 North Market Street
(Agency)        (Street Address)            (City)
New Castle    DE    19808                                    , regarding
(County)        (State)        (Zip Code)
defendant's alleged discriminatory conduct on ___13___ , ___May___ , ___2005___ .
                                                 (Day)        (Month)       (Year)

8.    Plaintiff filed charges with the Equal Employment opportunity Commission of the United States
regarding defendant's alleged discriminatory conduct on: ___15___ , ___Jul___ , ___2006___ .
                                                           (Day)        (Month)       (Year)

9.    The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue letter
which was received by plaintiff on: ___4___ , ___Oct___ , ___2006___ .
                                      (Day)        (Month)       (Year)

## *(NOTE:   ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)*

10.    The alleged discriminatory acts, in this suit, concern:

A.    **O**  Failure to employ plaintiff.

B.    **⊙**  Termination of plaintiff's employment.

C.    **O**  Failure to promote plaintiff.

D.    **O**  Other acts (please specify below)

11.  Defendant's conduct is discriminatory with respect to the following:

   A.  **O**  Plaintiff's race

   B.  **O**  Plaintiff's color

   C.  **O**  Plaintiff's sex

   D.  **O**  Plaintiff's religion

   E.  **O**  Plaintiff's national origin

12.  A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13.  If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 CivilRights Act, as amended.

14.  Plaintiff's has no adequate remedy at law to redress the wrongs described above.

### *THEREFORE*, Plaintiff prays as follows: (Check appropriate letter(s))

   A.  ☑  That all fees, cost or security attendant to this litigation be hereby waived.

   B.  ☑  That the Court appoint legal counsel.

   C.  ☑  That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: _Oct. 4, 2007_

_(Signature of Plaintiff)_

_____
(Signature of additional Plaintiff)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515

## PLEASE READ THE FOLLOWING INFORMATION CAREFULLY!

You filed a charge of employment discrimination with one (1) of the following seven (7) agencies, which are known as Fair Employment Practices Agencies (FEPA):

> Delaware Department of Labor (DDOL)
> New Jersey Division on Civil Rights (NJDCR)
> Pennsylvania Human Relations Commission (PHRC)
> Philadelphia Commission on Human Relations (PCHR)
> Pittsburgh Commission on Human Relations (PCHR)
> Reading Human Relations Commission (RHRC)
> West Virginia Human Rights Commission (WVHRC)

At the time you filed your charge with the FEPA, you were notified in writing by the FEPA that it would dual-file your charge for you with the U.S. Equal Employment Opportunity Commission (EEOC) in order to preserve your right to file a lawsuit in Federal District Court. The FEPA processed your charge and notified you in writing of the reason for its closure of your charge. (If you believe that you did not receive a closure notice from the FEPA, **contact the FEPA where you filed your charge, not EEOC**). The FEPA then notified EEOC of its closure, and the reason for the closure. Based on this notification, EEOC has reviewed and adopted the FEPA findings, and has closed the dual-filed EEOC charge. Therefore, EEOC has issued to you the attached Dismissal & Notice of Rights, which advises you that "EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge". This Dismissal & Notice of Rights authorizes you to file a lawsuit in Federal District Court within 90 days if you choose to do so (please note, however, that you are not obligated to file a lawsuit). EEOC does not encourage or discourage such legal action; the decision is entirely up to you. If you do not wish to file a lawsuit, it is recommended that you keep the Dismissal & Notice of Rights for your records, and you need do nothing else.

If, however, you do elect to file a lawsuit, you must do so with a Federal District Court within 90 days of the date you **received** the Dismissal & Notice of Rights, not the date it is **dated** (it is recommended that you retain the envelope with the postmark). If you intend to consult an attorney, do so promptly; if you do not have a lawyer, you may contact the EEOC Legal Unit at **(215) 440-2828** in order to obtain a list of local attorneys. However, you are responsible for all legal fees incurred by filing a lawsuit, and you are also responsible for ensuring that your lawsuit is filed within the 90-day statute of limitations.

If you are going to file a lawsuit and need to obtain a copy of the information obtained during the FEPA's processing of your charge, make your request promptly in writing **to the FEPA that investigated your charge (NOT EEOC).** EEOC does not retain the FEPA investigative case file.

(Enclosure with EEOC Form 161)

NOTICE OF DELAWARE RIGHTS

*The Department of Labor Discrimination Unit provides the following excerpt from 19 Del. C. § 710, et seq. as information regarding the Delaware Right to Sue Notice. If you need legal advice, please seek your own legal counsel.*

**§ 714. Civil action by the Charging Party; Delaware Right to Sue Notice; election of remedies.**

(a)    A Charging Party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same.

(b)    The Delaware Right to Sue Notice shall include authorization for the Charging Party to bring a civil action under this Chapter in Superior Court by instituting suit within ninety (90) days of its receipt or within ninety (90) days of receipt of a Federal Right to Sue Notice, whichever is later.

(c)    The Charging Party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A Charging Party is barred by this election of remedies from filing cases in both Superior Court and the federal forum. If the Charging Party files in Superior Court and in a federal forum, the Respondent may file an application to dismiss the Superior Court action under this election of remedies provision.

NOTICE OF FEDERAL RIGHTS

1.    If your case was also filed under federal law and resulted in a "No Cause" finding, you have additional appeal rights with the Equal Employment Opportunity Commission. Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding. To obtain this review, you must request it by writing to EEOC within *15 days of your receipt* of DDOL's final finding in your case. Otherwise, EEOC will generally adopt the DDOL's findings.

2.    If your case was also filed under federal law, you have the right to request a federal Right to Sue Notice from the EEOC. To obtain such a federal Right to Sue Notice, you must make a written request directly to EEOC at the address shown below. Upon its receipt, EEOC will issue you a Notice of Right to Sue and you will have ninety (90) days to file suit. The issuance of a Notice of Right to Sue will normally result in EEOC terminating all further processing.

3.    Requests to the EEOC should be sent to:

Equal Employment Opportunity Commission
The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

EEOC Form 161 (3/98)                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: David Smiley<br>1956 Seneca Road<br>Wilmington, DE 19805 | From: Philadelphia District Office - 530<br>21 South 5th Street<br>Suite 400<br>Philadelphia, PA 19106 |
| --- | --- |

| | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR § 1601.7(a))* | | |
| --- | --- | --- | --- |

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 17C-2005-00503 | Charles Brown, III,<br>State & Local Coordinator | (215) 440-2842 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| --- | --- |
| | Your allegations did not involve a disability as defined by the Americans with Disabilities Act. |
| | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge. |
| | Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge. |
| | While reasonable efforts were made to locate you, we were not able to do so. |
| | You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged. |
| | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| X | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| | Other *(briefly state)* |

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

**October 4, 2006**

Enclosure(s)

**Marie M. Tomasso,**
**District Director**

*(Date Mailed)*

cc: DAIMLER CHRYSLER CORP
Lori Otis, EEO Consultant
Corporate Diversity Office
1000 Chrysler Drive
Auburn Hills, MI 48326

STATE OF DELAWARE

DEPARTMENT OF LABOR

DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION PROGRAM

David Smiley
1956 Seneca Road
Wilmington, DE 19805

Case No. 05080352W

vs.

DAIMLER CHRYSLER CORPORATION
550 S. College Ave.,
Newark, DE 19711

### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

#### *No-Cause Determination and Dismissal with Corresponding Right to Sue Notice.*

In this case, the Department has completed its investigation and found that there is no reasonable cause to believe that an unlawful employment practice has occurred. The Department hereby issues a No-Cause Determination and Dismissal and provides the Charging Party with a Delaware Right to Sue Notice.

This No Cause determination is based on the following facts:

In this discrimination case, Charging Party must demonstrate that he has a disability and that he informed Respondent of this disability. Charging Party must also show that Respondent was aware of his disability and need for an accommodation and failed to grant the accommodation regardless. Charging Party must further show that Respondent failed to accept his medical documentation to substantiate his medical leave and rather terminated his employment because of his disability. Charging Party can show this by demonstrating that he advised Respondent of his disability and requested an accommodation which was denied and resulted in Charging Party having to take a medical leave. He can show this by demonstrating that he was treated more harshly and the policies regarding medical leave were applied more harshly towards Charging Party because of his disability. The evidence and information provided during the investigation revealed that Respondent did provide accommodations to Charging Party's disability but that even with the accommodations Charging Party was unable to perform the essential functions of his position. The evidence and information further indicates that because of this inability, Charging Party was placed on an approved medical leave. The evidence demonstrates that Charging Party had been on medical leave more than once during his tenure with Respondent and was well versed in the policies and knew what was expected of his to remain on medical leave. Finally, the evidence and information provided demonstrates that Charging Party failed to adhere to policies surrounding a continued approved medical leave and therefore his employment was ended. Charging Party's witnesses failed to corroborate his allegations and he did not provide any supportive documentation to demonstrate disability discrimination. Therefore, Charging Party has failed to establish illegal disability discrimination occurred.

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Program.

_____    5/31/06
Date issued

For JKC,    Julie Klein Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*



# AUTOMOBILE • AEROSPACE • AGRICULTURAL IMPLEMENT WORKERS
## *of* AMERICA (UAW)

LOCAL UNION 1183
698 OLD BALTIMORE PIKE • NEWARK, DELAWARE 19702
PHONE: (302) 738-4500 • FAX: (302) 738-9564



JAMES J. FISHER
PRESIDENT

RICHARD "MACK" McDONAUGH, JR.
VICE PRESIDENT

WANDA SALVATELLI
RECORDING SECRETARY

D. MICHAEL GUSEMAN
FINANCIAL SECRETARY-
TREASURER

April 3, 2006

Mr. David Smiley
1956 Seneca Road
Wilmington, Delaware 19805

Dear Brother Smiley,

It is critical that you contact me within five (5) days on receipt of this letter in reference to your continued employment at the Daimler Chrysler Assembly Plant in Newark, Delaware.

Per our conversation dated Monday February 13, 2006, I had informed you that the Union and Management had reached a comparable decision on your behalf for your reinstatement of employment.

Please contact me to address this issue @ 302-453-5596 or the Union Hall @ 302-738-4500 within the time period stated above.

In Solidarity,

John Mehalshick IV
Committeeman District 1
UAW Local 1183



RED CLAY CONSOLIDATED
SCHOOL DISTRICT

Robert J. Andrzejewski, Ed.D.
*Chief Executive Officer*

**Administrative Offices**
**2916 Duncan Road**
**Wilmington, DE 19808**

Richardson Park
Learning Center
**99 Middleboro Rd.**
**Wilmington, DE 19804**

(302) 992-5574
Fax (302) 995-5125

Ed Norris
*Principal*

February 9, 2006

To Whom it may Concern:

This is to confirm that the Richardson Park Learning
Center had an early dismissal on May 13th, 2005. We dismissed
students at 1:05.

Sincerely,

Ed Norris
Principal

EN:lgb

The Red Clay Consolidated School District does not discriminate on the basis of race, color, national origin, religion, sex, age, or disability in its programs, activities or employment practices as required by Title VI, Title IX and Section 504. The district coordinator of compliance is: Administrator of Human Resources Development, RCCSD, 2916 Duncan Rd. Wilmington, DE 19808 (302) 683-6662

# DAIMLERCHRYSLER

September 29, 2005

Ms. Julie Cutler
Discrimination Program
Delaware Department of Labor
4425 North Market Street
Wilmington, DE 19802

Re:    Smiley v. DaimlerChrysler
       Case #:  05080352W / 17CA500503

Dear Ms. Cutler,

DaimlerChrysler Corporation is an equal opportunity employer committed to a policy that opposes discriminatory practices in all employment related decisions. We have thoroughly investigated the above-captioned charge and have found no evidence to support the Claimant's allegations of discrimination based on the Americans with Disability Act.  This shall serve as DaimlerChrysler's response to the particulars of the charge:

**1.) Charging Party alleges he was injured on the job and was considered and accepted initially for workman's compensation. At some point Claimant was no longer eligible for workman's compensation and ceased to receive these benefits.**
DaimlerChrysler acknowledges the Claimant's was employed at the Newark Assembly Plant from April 6, 1989 through May 13, 2005 as a UAW represented Technician (Exhibit A). Claimant was injured March 11, 2004 while working and has received Workman Compensation Benefits off and on for his injury since March 11, 2004 (Exhibit B). When Claimant first reinstated in April 2004, he was reinstated by both his personal doctor and plant medical with no restrictions. Claimant continued to work with no restrictions until July 2004. From July 2004 until Feb 2005, Claimant received Workman's Compensation Benefits. During this time claimant provided all the necessary documentation when requested and attended all scheduled appointments. Claimant returned to work with restrictions February 14, 2005 (Exhibit C), Claimant was accommodated by placing him on a job that avoided the use of his right side.

Claimant was placed on the Left Side Fender Install (Exhibit A). The fender comes down the line on a gravity assist crane. The position requires the use of

the left arm to guide the fender to the frame and unhook the fender. The fender is loosely assembled by installing approximately thirteen (13) millimeter screws using a Yankee screwdriver (plunger effect versus turning). Zero torque is required in the screw assembly. The loosely assembled unit is then tightened by programmed robotics. Also note there is a person working the right side of the vehicle simultaneously.

Claimant stated he continued to experience pain in his right elbow and went out again February 18, 2005. The plant medical department did not see the Claimant on this day to evaluate the Claimant's condition.  February 18, 2005, the Plant's Disability Manager agreed to give the Claimant more time off to see if additional time with treatment would aid in the healing. May 4, 2005, Claimant was scheduled for his plant medical and was to provide satisfactory substantiation of medical leave (Exhibit D).  Claimant did not make the appointment. Claimant reported to the employment office on May 13, 2005, with a photocopy of four medical slips (Exhibit E). When Claimant was asked to bring in the original documentation along with other required information, Claimant stated he would do so. Claimant returned to the employment office later the same day and attempted to use the same photocopy with a different employment office worker. Claimant was again told what was needed to return to work (Exhibit F). Claimant failed to adhere. Respondent acknowledges workman compensation benefits were stopped after sufficient medical substantiation was not received.

**2.) Charging party alleges that he returned to work to perform accommodated position but the assignment aggravated his impairment. It was this time that it was determined that Charging Party would again go out on medical leave.**
Prior to May 13, 2005, DaimlerChrysler acknowledges Claimant returned to work with accommodated PQXs. Claimant states his condition resurfaced and Claimant went back out on medical leave February 18, 2005. In such cases, medical substantiation is still required to show known condition is being treated in order to remain eligible for workman's compensation benefits. The medical documentation provided did not have the required information to make this determination. Claimant was given an opportunity to provide sufficient medical substantiation but chose not to and has not done so to date.

**3.) Charging Party: During this most recent medical leave Charging party had a number of medical appointments with both Respondent's physician as well as his own, all of which he kept. During this time period Charging party alleges that Respondent failed to provide him with another position which would be an accommodation so that he could return to work.**
During Claimant most recent leave, Claimant did not keep all the scheduled appointments as Claimant missed an appointment set for May 4, 2005. Claimant was sent a letter advising him that he needed to report to the employment office and submit such evidence as directed; or notify the employment office of a reason beyond his control which must be satisfactorily substantiation, or his

seniority would be terminated. Claimant failed to adhere and was terminated. All parties receiving workman's compensation are required to make scheduled appointments, provide medical substantiation or communicate when not able to so.

**4.) Charging Party: Alleges that Respondent terminated his employment because of his disability.**

DaimlerChrysler categorically denies Claimant was released due to his disability. The Respondent has supported and accommodated all known restrictions. Claimant was terminated May 13, 2005 for not adhering to the process of providing sufficient medical substantiation to support his total disability and to show his known medical condition was being treated. When Claimant reported for work April 5, 2004, Claimant did not have any restrictions to accomodate. He was placed in his old job. When Claimant reported for work February 14, 2005, Claimant's restrictions were accommodated by placing him on a job that avoided using his right side. DaimlerChrysler respectfully asks that the charge that reasonable accommodations were not made to address his medical condition be dismissed.

Should you have any further questions, please contact me at 248-512-2108.

Sincerely,

Lori Otis
EEO Consultant
Corporate Diversity Office

Home > Administer Hourly Personnel > Administer Hourly Personnel > Use > **Job Data**          New Window

| Job Data | Employment | Comments |

| | |
|---|---|
| **Name:** SMILEY,DAVID A | **DCID:** 241681 |
| **Loc/Dept:** 4070/9110  **Supv Grp:** 304    **Shift:** 2    **Class:** 44690    **Rate:** 26.30 | **Status:** Terminatec |

| Job Data | | View All    First |
|---|---|---|

**Employee Status:** TERMINATED

**Effective Date:**    05/13/2005    Current              **Sequence #:**    0  **ACTN DATE:** 05/13/2005

**Action / Reason:**  TERMINATN    EMP      CLEARED BY EMPLOYMENT

Location:        4070      NEWARK ASSEMBLY PLANT

Department:    9110      B.I.W.

*Supervisor Grp: 304        HUTTON,SEAN D                                            Shift: 2ND SHIFT

Employee Grp:  1          NON_SKILLED                                                 **BEL Status** ☑

Employee Type: 0          SENIORITY EMPLOYEE

*Union:          UAW        UNITED AUTO WORKERS OF AMERICA        *Local:      01183

Prefix / * Class:  4      4690        TECHNICIAN I                  *Hourly Rate:        26.30

Add-On Code:                                                          Red Circle: ☐

| Separation Data | | View All    First ◄ 1 of 1 ► Last |
|---|---|---|

Last Day Worked: 02/18/2005        Affiliate Corporation transferred to:

**Automatic Re-Instatement ?** ☐        Return Date:

Update TID:      T7056DF        SENT TO PAYROLL

 Save    Q Return to Search                                      ▣ Update

Job Data | Employment | Comments

**EXHIBIT A**

Home > Administer Hourly Personnel > Administer Hourly Personnel > Use > **Job Summary** New Window

## Job Summary

| **Name:** SMILEY,DAVID A | | **DCID:** 241681 | |

| Loc/Dept: 4070/9110 | Supv. Grp: 304 | Shift: 2 | Job Class: 44690 TECHNICIAN I | Rate: 26 |

| Hire Date: 04/06/1989 | Skilled Seniority: | Upgrader Entry: |
| Corp Svc Date: 04/06/1989 | Non Skilled Seniority: 04/06/1989 | Apprentice Date: |

| Union: UAW | Local: 01183 | Employee Type: SENIORITY EMPLOYEE | Employee Group: N |

From: 09/28/2003   Thru: _____   [ Find ]

◉ 1 Page SECN      ○ 2 Page SECN      ○ SECN to History Range      Printer Node: a017

### Job Summary

| Action/RSN | Eff Dt | SEQ | Status | Loc | Dept | Grade | Rate | Frq | EG | STC | Sen Dt |
|---|---|---|---|---|---|---|---|---|---|---|---|
| TER/EMP | 05/13/2005 | | TERMINATED | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | 02 |
| Jobcode/Class: 4 4690 | | | TECHNICIAN I | | | see personnel file | | | | | |
| DTA/COM | 05/11/2005 | | LEAVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | |
| Jobcode/Class: 4 4690 | | | TECHNICIAN I | | | Please send to labor relations once reinstated for outsta | | | | | |
| DTA/COM | 05/06/2005 | | LEAVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | |
| Jobcode/Class: 4 4690 | | | TECHNICIAN I | | | Substant. letter sent due to EE's failure to report to 5/4/0 - on must be substantiated. | | | | | |
| DWC/COD | 02/18/2005 | 1 | LEAVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | 0 |
| Jobcode/Class: 4 4690 | | | TECHNICIAN I | | | per Disabilities Mgr | | | | | |
| DIN/ILL | 02/18/2005 | | LEAVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | 02 |
| Jobcode/Class: 4 4690 | | | TECHNICIAN I | | | | | | | | |
| DTA/COM | 02/14/2005 | 1 | ACTIVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | |
| Jobcode/Class: 4 4690 | | | TECHNICIAN I | | | Upon REI, EE claimed that he would not be able to work from school. Told EE to call Mandatory Call-In number. | | | | | |
| REI/REI | 02/14/2005 | | ACTIVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | |
| Jobcode/Class: 4 4690 | | | TECHNICIAN I | | | Reinstated 2/14/05 per PQX placement (Left Side Fende | | | | | |

**EXHIBIT B**

| DTA/COM 02/07/2005 | LEAVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | |
|---|---|---|---|---|---|---|---|---|---|
| Jobcode/Class: 4 4690 | TECHNICIAN I | | | | Employee Sent PQX Letter: Left Side Fender Install @ E | | | | |

| DTA/COM 10/07/2004 | LEAVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | |
|---|---|---|---|---|---|---|---|---|---|
| Jobcode/Class: 4 4690 | TECHNICIAN I | | | | Sent substantiation letter per Disabilities Manager. Emp medical in order to verify current pqx restrictions, if any. | | | | |

| DWC/COD 07/08/2004 | 1 LEAVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | 0 |
|---|---|---|---|---|---|---|---|---|---|
| Jobcode/Class: 4 4690 | TECHNICIAN I | | | | per Disabilites Mgr | | | | |

| DIN/ILL 07/08/2004 | LEAVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | 07 |
|---|---|---|---|---|---|---|---|---|---|
| Jobcode/Class: 4 4690 | TECHNICIAN I | | | | | | | | |

| REI/REI 04/05/2004 | ACTIVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | |
|---|---|---|---|---|---|---|---|---|---|
| Jobcode/Class: 4 4690 | TECHNICIAN I | | | | | | | | |

| DWC/COD 03/11/2004 | 1 LEAVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | 0 |
|---|---|---|---|---|---|---|---|---|---|
| Jobcode/Class: 4 4690 | TECHNICIAN I | | | | per Disabilites Mgr | | | | |

| DIN/ILL 03/11/2004 | LEAVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | 03 |
|---|---|---|---|---|---|---|---|---|---|
| Jobcode/Class: 4 4690 | TECHNICIAN I | | | | | | | | |

| REI/REI 01/26/2004 | ACTIVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | |
|---|---|---|---|---|---|---|---|---|---|
| Jobcode/Class: 4 4690 | TECHNICIAN I | | | | | | | | |

| LOA/OTH 01/05/2004 | LEAVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | 01 |
|---|---|---|---|---|---|---|---|---|---|
| Jobcode/Class: 4 4690 | TECHNICIAN I | | | | | | | | |

| PAY/CFI 09/29/2003 | ACTIVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | |
|---|---|---|---|---|---|---|---|---|---|
| Jobcode/Class: 4 4690 | TECHNICIAN I | | | | | | | | |

Q Return to Search

| SMILEY, DAVID A. | | 241681 / T1681DS | | | |
| Encounter Date: 02/14/2005 | | *Occupational Incident - R Lateral Epic | | | |

All Current and Past Restrictions for this Employee

| Type | Description | From | To | Reassess | AW |
|---|---|---|---|---|---|
| B09 - No Repet | No Repetitive Twisting Of Wrist , Elbow | 11/10/2004 | 02/10/2005 | 02/10/2005 | ✓ |
| D06 - No Lifting | No Lifting Over 15# Right Hand | 11/10/2004 | 05/04/2005 | 05/04/2005 | ✓ |
| B09 - No Repet | No Repetitive Twisting Of Wrist , Elbow | 05/02/2003 | 05/02/2003 | | |
| H02 - No Bendi | No Bending More Than 50% Shift | 06/12/1999 | 06/12/1999 | | |
| D00 - No Lifting | No Lifting Over 5# Right Hand | 06/12/1999 | 06/12/1999 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Note: AW = Affects Employee's Work                               More >>

Next >>     << Back     Finish     Cancel

EXHIBIT C

Page 1 of 3

| Date | Time | Description | Examiner |
|---|---|---|---|
| SMILEY, DAVID A. | | 241681 / T1681DS | |
| Encounter Date: 02/14/2005 | | *Occupational Incident - R Lateral Epic | |
| Past Encounters | | | |
| 02/15/2005 | 07:31pm | *Occupational Incident- R ELBOW | T1699MK |
| | | 2-15-05 | |
| | | S. EE TO MEDICAL REQUESTING ICE TO KNOWN INJURY OF RT. ELBOW. PAIN TODAY IS 5/10. TOOK IBUPROFEN EARLIER TODAY. O NO SWELLING NOTED A. PAIN RT. ELBOW P ICE APPLIED X 20 MIN RTW WITH PQX MARY KNIGHT. RN | |
| 02/14/2005 | 10:16am | *Occupational Incident - R Lateral Epic | T9745C0 |
| | | EE is seen for follow up of a right lateral epicondylitis and left wrist pain attributed to a ganglion cyst. He states that his physician, Dr. Bandera, has injected the right elbow three times, last time was in 11/04, and two or three times he has had the left wrist injected. Currently, he is taking Ibuprofen and a medicated patch on his right elbow. PMH. Borderline blood pressure and cholesterol. He has, to date, been unable to get into law school. He was not accepted at either Widner or Temple. He is considering going back to school for a masters' degree - perhaps in IT. O. NAD Alert and oriented x 3. FROM right elbow. Some prominence of the lateral epicondyle. Non tender. Left wrist. Nontender. No appreciable swelling. Strength UEs: 5/5. Reflexes UEs: 1+ and symmetric. A. Right lateral Epicondylitis - advised to wear forearm splint. P. May return to work with a 15 pound lifting restriction on the right. Carole N. Tinklepaugh, M.D. | |
| 11/10/2004 | 01:08pm | *Occupational Incident: RIGHT ELBOW | T1159SS |
| | | DR. SJ SABO | |
| | | S--EE RTC FOR F/U FOR RIGHT ELBOW EPICONDYLITIS. HE HAS 16 YEARS OF SERVICE. HE LAST WORKED IN JULY OF 2004. HE HAS HAD TWO INJECTIONS INTO RIGHT ELBOW, LAST ONE WAS A FEW MONTHS AGO. HE HAS INTMT PARESTHESIAS IN FINGERS. HE HAD MRI OF RIGHT ELBOW ALSO; RESULTS ???. O--PE: SLIGHT FULLNESS AT RIGHT EXTENSOR SIDE OF ELBOW WITH FULL ROM IN ALL DIRECTIONS. THERE WAS NO MAGNIFIED PAIN BEHAVIOR. TINEL'S SIGN IS NEGATIVE AT ELBOW. THERE IS NO MUSCLE ATROPHY OR CLICKING. NO GROSS TENDERNESS WAS NOTED. DME WAS DONE IN 9/04. RESULTS RECOMMENDED RTWR. EE HAS FULL USE OF BOTH EXTREMITIES ON OBSERVATION. A--CHRONIC RIGHT LATERAL EPICONDYLITIS. P--RTWR AS PER DME. I AGREE WITH IT. EE IS PLANNING ON ATTENDING LAW SCHOOL IN THE NEAR FUTURE. DR. BANDERA DOES KEEP HIM TOTALLY DISABLED. DR. SJ SABO | |
| 11/03/2004 | 01:52pm | Occ: R Elbow | T3950SF |
| | | 11/3/04 EE to medical per employment's request. Presents documentation on elbow. EE scheduled to be seen 11/10/04 @ 1:00PM. S. Figueroa RN | |
| 07/06/2004 | 11:40am | *Occ Incident- Revisit Rt Elbow/lt Wris | T0066EN |
| | | 7/6/04. EE revisit for rt elbow and left wrist pain. States had a Cortisone injection in rt elbow, on 6/30/04. Sm amt swelling noted lateral aspect rt elbow. Ice pack applied x 20 min. IB 2 tabs po,biofreeze to go. Evis Noel-Samuel,RN | |
| 06/24/2004 | 09:35am | *Occ Incident- Revisit Rt Elbow Pain. | T0066EN |
| | | 6/24/04. EE revisit for rt elbow pain. Has f/u with Dr. Bandera on 6/30/04. Attends P.T. 3 x/week. Mod amt swelling noted. Ice pack applied x 20 min, IB 2 tabs po given, Tennis elbow strap,Biofreeze to go. Evis Noel-Samuel,RN | |
| 04/29/2004 | 10:00am | *Occupational Incident- R Elbow | T0067JD |
| | | Revisit for R elbow. Was seen by Dr. Bandera yesterday. Is going to continue PT. Taking own Tylenol. Is currently working. To discuss with Dr. Horowitz. J Fowler RN 4/29/04 S: EE presents for f/u of R elbow tendonitis/lateral epicondylitis. EE is followed by his PMD, Dr. Bandera, who has EE going to PT 2x/week.. EE notes some improvement in sx. EE reports he can do his job without restrictions because he was able to "modify" his tools which takes stress off his elbow. EE reports steroid injections by Dr. Bandera without relief. O: No distress. Pos tenderness over lateral epicondyle which is exacerbated with pronation/supination of arm A: Lateral epicondylitis P: Continue tx with Dr. Bandera and his PT. RTC prn. Jack Horowitz, M.D. | |
| 04/22/2004 | 01:20pm | *Occupational Incident- R Elbow | T0067JD |
| | | Job: Door fitter- R side. Supervisor- Sean Hutton. Revisit for R elbow. Was out for PT- came back on 4/5/04. Is doing good. Has some mild pain today in R elbow. Requests Ice and IB. Ice x 20 min. IB given. J Fowler RN | |
| 02/17/2004 | 01:30pm | *Occ Incident- Revisit Rt Elbow. | T0066EN |
| | | 2/17/03. EE revisit for rt elbow pain. States filed WC claim on 2/16/04 and has claim # for P.T., but cancelled P.T. on 2/16/04 due to misinformation received from numerous people related to WC process to be treated with P.T. Ice pack applied x 20 min and process explained to EE - WC is for bill payment and not necessarily to be oow and until WC claim is approved, bills will be paid by BC/BS. EE understood instructions. States will call to reschedule P.T. Evis Noel-Samuel,RN | |
| 02/16/2004 | 08:50am | *Occu--Right Elbow | T6150HR |

# DAIMLERCHRYSLER

May 6, 2005

DaimlerChrysler Corporation
Newark Assembly Plant

David Smiley
1956 Seneca Road
Wilmington, DE  19805

DC id #:241681

Dear David Smiley,

According to our records, you were scheduled to report to the Plant Medical Department for a medical examination on **May 4, 2005**. You failed to report for this appointment. Accordingly, you are to report to the Plant Employment Office on or before **May 13, 2005** to provide satisfactory evidence to substantiate your failure to report.

All absences between **February 18, 2005** and the date you report to the Plant Employment Office must be substantiated.

If you do not report to the Plant Employment Office by **May 13, 2005** and submit such evidence as directed above or if you do not promptly notify the Plant Employment Office that for a reason beyond your control, which must be satisfactorily substantiated, you were unable to comply with these instructions, your seniority will be terminated.

When reporting to the Plant Employment Office, enter the building through the outside door at the south end of the administration building. The hours for inactive employees are as follows:

**Monday through Friday**

9:00 a.m. – 11:30 a.m.
and
1:30 p.m. – 3:00 p.m.

Sincerely,

Shannon West
Human Resources Generalist

SENT VIA OVERNIGHT MAIL

**EXHIBIT D**

DaimlerChrysler Corporation
550 South College Avenue   CIMS 114-00-00
Newark DE USA  19713-1353

A Company of the DaimlerChrysler Group

SEP 28 '05 11:00

# NEWARK ASSEMBLY PLANT
## *INFORMATION NOTICE*

### RETURN TO WORK FROM CASUAL ABSENCE(S) (Less than five days):

For absences of less than five (5) days, a medical statement containing the above criteria, with the exception of the following provisions, must be submitted to your immediate supervisor the first day you return to work or the absence will be unexcused.

- An employee absent for medical reasons for (1) day is no longer required to submit a diagnosis on the doctor's letter substantiating the absence if treated by a physician.
- An employee absent for medical reasons for two (2) to four (4) days must treat no later than the second day of absence. If treated on the first day of absence, no diagnosis is required. If treated on the second day, the employee must provide a diagnosis, and the substantiation must cover the employee's first day of absence. All other information as noted in the Corporation's policy regarding medical substantiation remains required.

### DOCUMENTATION REQUIREMENTS

All employees must have the following seven criteria when substantiating their absence(s) on doctor's letterhead:
1. The date the statement was written.
2. Date of treatment to include start and end dates of medical coverage (dates prior to initial treatment may be unexcused).
3. A return to work date.
4. Confirmation that the employee was *totally disabled, totally incapacitated, or unable to work.*
5. The diagnosis code for the absence.
6. The attending physician must sign the statement. *(NO RUBBER STAMPS)*
7. The statement must contain the physician's address and phone number. *(NO FAXES)*

### REINSTATEMENT/SUBSTANTIATION FROM TEMPORARY SEPARATION, ILLNESS OR INJURY (Five days or more):

Employees must treat no later than the third day absence. The plant policy remains that an employee released by his/her physician to return to work from sick leave or other temporary separation of five (5) days or more due to illness or injury must report to the Employment Office for reinstatement. Employees will not be permitted to enter the plant through Security for reinstatement purposes.

Employees must report to the Employment Office the day prior to reinstatement. All employees are required to report to the Employment Office and complete the reinstatement process prior to start of shift within the hours of operation:

### DOCUMENTATION REQUIREMENTS

All employees must have the following seven criteria when substantiating their absence(s) on doctor's letterhead:
1. The date the statement was written.
2. Date of treatment to include start and end dates of medical coverage (dates prior to initial treatment may be unexcused).
3. A return to work date.
4. Confirmation that the employee was *totally disabled, totally incapacitated, or unable to work.*
5. The diagnosis code for the absence.
6. The attending physician must sign the statement. *(NO RUBBER STAMPS)*
7. The statement must contain the physician's address and phone number. *(NO FAXES)*

Presentation of such a statement does not preclude Management's right to further investigate and verify the authenticity of the statement as presented by the employee. Nor does it preclude Management's right to take disciplinary action where such statements may be altered, falsified, or are otherwise unsatisfactory substantiation of the disability for the period in question.

When reporting to the Plant Personnel Office, enter the building through the outside door at the south end of the administration building. The hours for inactive employees are as follows:

Monday through Friday
9:00 a.m. – 11:30 a.m.
and
1:30 p.m. – 3:00 p.m.

**EXHIBIT F**

V. Stout   2/1/05
Human Resources Manager



STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
FAX (302) 761-6601

March 28, 2006                    *Winner, Delaware Quality Award of Merit*

Mr. David Smiley
1956 Seneca Road
Wilmington, DE  19805

RE:     Smiley v. Daimler Chrysler Corporation
        Case Number:  05080352W/17C-2005-00503
        **Notice of Preliminary Determination; Right to Respond**


Dear Mr. Smiley:

Your discrimination charge that was filed with this agency has been assigned to me for
investigation.  I am writing to review the evidence gathered thus far, and to give you an opportunity
to respond to the information at hand.

You allege that you were discriminated against by Respondent when Respondent failed to provide
you an accommodation to your disability.  You allege that you were injured on the job and initially
when you returned to work Respondent provided you an accommodation by placing you in a
position which met your physical limitations.  However, you allege that this position soon
afterwards began to aggravate your medical condition and you were no longer able to perform this
position.  You allege that at this time Respondent failed to place you in another position which
would meet your current medical limitations.  Finally, you allege that because of this you remained
out of work and during this period of time you were out of work Respondent made the claim that
you failed to keep one of your medical appointments which eventually resulted in your termination.

Respondent denies that you were discriminated against.  Respondent does not dispute that you were
out of work legitimately due to your medical condition.  Respondent states that both times you were
out of work Respondent approved these medical leaves.  However, Respondent states that when an
individual is out of work due to a medical condition there are certain steps that the employee must
meet.  Respondent states that once you missed the medical appointment, you were then required to
submit certain documentation.  Respondent provided supportive documentation to demonstrate that
you were made aware of the requirements of medical documentation and failed to provide this
documentations.  Respondent provided the list of criteria that a medical note must meet to be
considered as acceptable.  You provided a copy of the medical notes you submitted.  Respondent
provided these same medical notes.  Respondent also provided the list of criteria that medical
documentation must contain along with documentation to demonstrate that you were aware of this
criteria.  It is evident that these medical notes do not meet these criteria.  Therefore, Respondent
states that they terminated the employment because of this failure to meet criteria; not because of
your disability.

Mr. David Smiley
March 28, 2006
Page Two

You provided the names of two witnesses who you stated could corroborate your allegations of discrimination. I have attempted to speak with these individuals on more than one occasion. I have spoken with one of these witnesses and the information this witness provided does not support your allegations. This witness was unable to corroborate that you submitted what was expected by Respondent, as he did not witness what you submitted to Respondent as medical documentation. In fact this witness' statement corroborates Respondent's position that the criteria necessary that a medical note must provide is more than what was provided. In addition, this witness was unable to corroborate that Respondent failed to provide you with another position to meet your medical limitations. The second named witness was contacted twice and called back to state that he needed to clear it with others before being a witness and would call back if he could be a witness. This witness failed to call back. Also, the documentation you provided to support your allegations of discrimination does not demonstrate that you were terminated after failing to make one medical appointment. In order to prove your claim of discrimination; it is your responsibility to prove by a preponderance of evidence that Respondent treated you more harshly/unfairly because of your disability. To date you have not provided any evidence to support these allegations. Based on the above data, there is insufficient evidence at this time to support an allegation of discrimination. If you have any additional information, documents, or witness statements that may support your allegations please provide this information by April 7, 2006. Otherwise, a decision will be made without further input from you. I may be reached at the above address or by telephone at (302) 761-8205.

Sincerely,

Melinda Shelton
Labor Law Enforcement Officer
Office of Labor Law Enforcement

April 3, 2006

Ms. Julie Cutler
Discrimination Program
Delaware Department of Labor
4425 North Market Street
Wilmington, DE 19802

RE:    Smiley v. Daimler Chrysler Corporation
       Case No. 05080352W / 17CA500503

Dear Ms. Cutler,

In response to the questions presented in your Right to Respond correspondence dated 28
MAR 06, it remains my contention that I have been in fact treated excessively harsh and
out of the scope of ordinary by the Daimler Chrysler Corporation and its agents.
As a result of the actions of the Daimler Chrysler Corporation, I suffered economic
hardship and harm to my reputation. As additional evidence I submit the following,
please find enclosed :

          Response to Respondents Answers
          Amended Complaint
          Exhibits

Sincerely,

David A. Smiley

cc:
dc
P/s
dl

Response to Respondents Answers


1). I agree as to the dates of employment.
   I agree as to the receipt of Workman Compensation Benefits.
   I agree as to the dates of employment without restrictions.
   I agree as to the dates receiving Workman Compensation Benefits.
   I disagree as to accommodation by placement of a job that avoided the use of my right
side.

On February 14, 2004, I was transferred to second shift and  was placed on the Left Side
Fender Install.  (Exhibit A.) The fender leaves its loading carousel its outer skin up and is
rolled down a roller conveyor to the operator. The vehicle arrives from the right hand side
moving forward.
The operation performed comprised of lifting the fender from the conveyer and attaching
it with four bolts located on the vehicles cat walk section of the fender. The bolts are
attached with the use of a tool called a Yankee. This is a two foot in length apparatus that
requires a downward push to create its twisting momentum when tightening the bolt. At
my 5'-8" height this required me to use my left hand and bend my wrist to hold the fender
to the vehicle while extending my right elbow in an outward direction to perform my job
efficiently. The B09 code pertaining to the non repetitive twisting of  my left wrist had
expired on 2/10/2005, but  I was still experiencing difficulty with my wrist. Each bolt was
loosely secured to the frame, The person working to my right is the Right Side Fender
install operator and is not assigned to assist the left side operator.
On 2/14/2005 I was seen by  Daimler Chrysler Corporation physician Carole N.
Tinklepaugh, M.D. for follow up concerning the ganglion cyst on my left wrist and
continued pain in my right elbow. Exhibit C.
Due to an exaggeration of my injuries I returned to medical leave on Feb.18, 2005. Upon
returning to the Daimler Chrysler Corporation personnel office May 13, 2005, I presented
a photo static copy of four medical slips from my treating  physician Peter Bandera, M.D.
I was informed that the note did not contain the necessary medical code number by
Daimler Chrysler Corporation personnel office staff member Dawn ?.
 I then left the Newark Assembly facility and arrived at the office of Mr. Bandera at 11:00
a.m. and explained my situation to his receptionist who provided the code onto a copy of
the original copy of the medical slips Exhibit G.
I had given to Daimler Chrysler corporation personnel office staff member Dawn. I
arrived back to the Newark Assembly Plant at 11:31 a.m. missing the 11:30 closing time
of the personnel office. After tapping on the glass I gained the attention of Daimler
Chrysler Corporation staff member Anginela, and requested that she forward the copy of
the original medical slips with the proper D X code to Daimler Chrysler Corporation
personnel office staff member Dawn. Exhibit E.

2). I disagree. I was not informed of a continued problem with my documentation until
May 16, 2005, when I was told of my termination. No opportunity was ever afforded me

from that date to the present to substantiate my absences.

3). I agree in part. Neither I, my treating physician nor my council were notified of the May 4, 2005 appointment and subsequently I did not attend. I arrived at the Newark Assembly plant employment office upon notification by mail on May 13, 2005, and presented evidence to substantiate that I was under the care of my doctor.

I was notified of a discrepancy pertaining to the absence of the d x code on the copy of the medical excuse presented to the employment office. I was given the opportunity to procure the proper code, I left and returned after obtaining the correct code from my doctors office but because of declarations made by employment office staff members I was terminated. Exhibit E.

4). I disagree. The respondent did not properly accommodate my medical restrictions. I was wrongfully terminated on May 13, 2005, because of unfounded false accusations by Daimler Chrysler personnel office staff members as to the authenticity of the support documentation provided by me. When I reported to my shift on February 14, 2005, the job I performed was not ergonomically feasible and was the cause of my return to medical leave due to the persistent aggravation of my right elbow.

Therefore I respectfully request the charge of failure to make a reasonable accommodation and wrongful termination against the Daimler Chrysler Corporation be granted.

Amended Complaint

1). On or about 11/10/2004 Daimler Chrysler Corporation Medical Department employee S.J. Sabo, M.D. did conspire to defame my person and contributed to the creation of a hostile work place environment; because of information he entered into my occupational incident report, ..." As per DME; I agree with it., EE is planning on attending law school in the near future. Bandera does keep him totally disabled". Exhibit C.

2). Again on 2/14/2005 Daimler Chrysler Corporation medical department employee Carole N. Tinklepaugh, M.D. did conspire to defame my person and contributed to the creation of a hostile work place environment when she entered into my occupational incident report,..."he has to date, been unable to get into law school. He was not accepted at either Widner or Temple. He is considering going back to school for a masters degree-perhaps in IT". Exhibit C.

3). Both S.J. Sabo, M.D. and Carole N. Tinklepaugh, M.D. violated physician patient confidentiality, in the utterance and narration of private discussions spoken in expected confidence, which would eventually be utilized to both degrade and diminish my reputation and credibility. Exhibit C.

4). On 2/14/2005, it was entered into my personnel record by Daimler Chrysler Personnel Office staff, ... "that I did not report to work for my shift due to school". Exhibit C.

After reporting on or around 9:00 a.m. for an appointment at the Daimler Chrysler Medical Department I was told to leave but that I would be contacted by plant personnel later. I was contacted by telephone at 1:00 pm. by Personnel Office staff member Shannon ?,
I was then informed that I had been reinstated and to report to second shift that evening at 3:00 p.m. I then explained to her that I would be unable to comply with that because I could not procure child care. I was told to "handle it" and informed to contact the Daimler Chrysler Absentee Call In number which I did; I then informed them that I did not know that I was to begin working second shift and that my child was scheduled to arrive home from school at 3:00 p.m. that evening.
Prior to my medical leave I had worked in the Body Shop on first shift for a period of four years, then my shift ended at 2:00 p.m. This was yet another malicious attempt by Daimler Chrysler staff to provide misinformation in its attempt to portray me in the most negative light possible, because I had adequate free days left before my attendance would be adversely effected..

5). After 5/13/2005, it was brought to my attention by my shop steward that members of the Daimler Chrysler Personnel Department staff alleged that I had altered the note provided me by Peter Bandera, M.D. by forging its diagnostic code. Exhibit H.

I did not alter the note presented that day. Additionally, this issue is addressed by a note presented by myself to the Daimler Chrysler Corporation written by Peter Bandera, M.D. Exhibit I.

6). On or around April 2004, I was the victim of battery at the hands of Erma ?, a supervisor for the Daimler Chrysler Corporation; while performing in the scope of my employment duties as a Tech.1 Door Fitter for the Body Shop. I was approached by the supervisor and inquired as to the status of a unit. I informed her that because of the time necessary to correct the alignment problem with the vehicle, I could not buy the unit off but that I was sending it to the repair hole so that the problem would be properly corrected off line. She disagreed with my assessment and told me that the repair could be effected on line and gave me a direct order to refit the door to buy the vehicle off.

Obeying her order, I stopped work on the vehicle I had advanced to gathered my tools and I began to refit the vehicle door but was unable to because the vehicle had reached a point during its continued travel down the assembly line in which a pinch point safety barrier is erected to prevent worker entry into an array of warming lamps prior to where the vehicle door trim is applied.

Acting team coordinator Jeremy Hensley began to work on the vehicle I left in a attempt to finish the fit I begun earlier, but that car could not be bought off as a completed unit and ultimately had to be sent to the repair hole too. As Jeremy and I were walking back to enter the track numbers of the vehicles into my computer terminal Erma approached me in anger and accused me of ,…"doing that on purpose". I purposely did not reply and turned to resume my job when I was struck in my lower back area. Surprised by this action, I turned to Jeremy and asked him if he saw that to which he responded in the affirmative.

In response I contacted Body Shop Steward Brian Rutherford, in order to have a record of the event which had transpired, additionally I was questioned by then Body Shop Area manager Robert Hutton as to what had happened. Erma continued to be my supervisor for a short period of time afterward. I was never contacted by anyone else, as established by Daimler Chrysler Corporation Work Place Violence protocol.

Home > Administer Hourly Personnel > Administer Hourly Personnel > Use > Job Data    New Window

/ Job Data \ ‖ Employment ‖ Comments ‖

| Name: SMILEY,DAVID A | DCID: 241681 | |
|---|---|---|
| Loc/Dept: 4070/9110  Supv Grp: 304  Shift: 2  Class: 44690  Rate: 26.30 | | Status: Terminated |

### Job Data

View All    First

Employee Status: TERMINATED

Effective Date:  05/13/2005    Current    Sequence #:    0   ACTN DATE: 05/13/2005

Action / Reason:  TERMINATN    EMP    CLEARED BY EMPLOYMENT

| | | |
|---|---|---|
| Location: | 4070 | NEWARK ASSEMBLY PLANT |
| Department: | 9110 | B.I.W. |
| *Supervisor Grp: | 304 | HUTTON,SEAN D |
| Employee Grp: | 1 | NON_SKILLED |
| Employee Type: | 0 | SENIORITY EMPLOYEE |
| *Union: | UAW | UNITED AUTO WORKERS OF AMERICA |
| Prefix / * Class: | 4  4690 | TECHNICIAN I |
| Add-On Code: | | |

Shift: 2ND SHIFT

BEL Status ☑

*Local:  01183

*Hourly Rate:  26.30

Red Circle: ☐

### Separation Data

View All    First ◁ 1 of 1 ▷ Last

Last Day Worked: 02/18/2005    Affiliate Corporation transferred to:

Automatic Re-Instatement ? ☐    Return Date:

Update TID:  T7056DF    SENT TO PAYROLL

(Save)  (Return to Search)    (Update)

Job Data | Employment | Comments

EXHIBIT A

http://pshrweb.oddc.chrysler.com:8080/servlets/iclientservlet/peoplesoft/?ICType=Panel&...  9/28/2005

Home > Administer Hourly Personnel > Administer Hourly Personnel > Use > Job Summary  New Window

| Job Summary |

Name: SMILEY,DAVID A                        DCID:241681

| Loc/Dept: 4070/9110 | Supv. Grp: 304 | Shift: 2 | Job Class: 44690 | TECHNICIAN I | Rate: 26 |

Hire Date: 04/06/1989        Skilled Seniority:                    Upgrader Entry:

Corp Svc Date: 04/06/1989    Non Skilled Seniority: 04/06/1989    Apprentice Date:

Union: UAW    Local: 01183    Employee Type: SENIORITY EMPLOYEE    Employee Group: N

From: 09/28/2003    Thru:         Find

● 1 Page SECN        ○ 2 Page SECN        ○ SECN to History Range        Printer Node: a01

### Job Summary

| Action/RSN | Eff Dt | SEQ | Status | Loc | Dept | Grade | Rate | Frq | EG | STC | Sen Dt |
|---|---|---|---|---|---|---|---|---|---|---|---|
| TER/EMP | 05/13/2005 | | TERMINATED | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | 02 |
| Jobcode/Class: 4 4690 | | | TECHNICIAN I | | | | see personnel file | | | | |
| DTA/COM | 05/11/2005 | | LEAVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | |
| Jobcode/Class: 4 4690 | | | TECHNICIAN I | | | | Please send to labor relations once reinstated for outsta | | | | |
| DTA/COM | 05/06/2005 | | LEAVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | |
| Jobcode/Class: 4 4690 | | | TECHNICIAN I | | | | Substant. letter sent due to EE's failure to report to 5/4/0 on must be substantiated. | | | | |
| DWC/COD | 02/18/2005 | 1 | LEAVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | 0 |
| Jobcode/Class: 4 4690 | | | TECHNICIAN I | | | | per Disabilities Mgr | | | | |
| DIN/ILL | 02/18/2005 | | LEAVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | 02 |
| Jobcode/Class: 4 4690 | | | TECHNICIAN I | | | | | | | | |
| DTA/COM | 02/14/2005 | 1 | ACTIVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | |
| Jobcode/Class: 4 4690 | | | TECHNICIAN I | | | | Upon REI, EE claimed that he would not be able to work from school. Told EE to call Mandatory Call-In number. | | | | |
| REI/REI | 02/14/2005 | | ACTIVE | 4070 | 9110 | 0 | 26.30 | H | 1 | 0 | |
| Jobcode/Class: 4 4690 | | | TECHNICIAN I | | | | Reinstated 2/14/05 per PQX placement (Left Side Fende | | | | |

EXHIBIT B

SMILEY, DAVID A.                    241681 / T1681DS
Encounter Date: 02/14/2005          "Occupational incident - R Lateral Epic"

All Current and Past Restrictions for this Employee

| Type | Description | From | To | Reassess | AW |
|------|-------------|------|-----|----------|-----|
| B09 - No Repet | No Repetitive Twisting Of Wrist , Elbow | 11/10/2004 | 02/10/2005 | 02/10/2005 | ✓ |
| D06 - No Lifting | No Lifting Over 15# Right Hand | 11/10/2004 | 05/04/2005 | 05/04/2005 | ✓ |
| B09 - No Repet | No Repetitive Twisting Of Wrist , Elbow | 05/02/2003 | 05/02/2003 | | |
| H02 - No Bendi | No Bending More Than 50% Shift | 06/12/1999 | 06/12/1999 | | |
| D00 - No Lifting | No Lifting Over 5# Right Hand | 06/12/1999 | 06/12/1999 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Note: AW = Affects Employee's Work                              More >>

Next >>      << Back      Finish      Cancel

EXHIBIT C

# DAIMLERCHRYSLER

DaimlerChrysler Corporation
Newark Assembly Plant

May 13, 2005

David Smiley
1956 Seneca Road
Wilmington, DE 19805                                     DC id #: 241681

Dear David Smiley:

On **May 13, 2005**, you reported to the Plant Personnel office with medical documentation for the purpose of substantiating your absences. Your medical documentation was insufficient, and consequently, you were issued a "Substantiation Denial Form." You were instructed to obtain new medical documentation listing all (7) reinstatement and substantiation requirements, and report back on the next working day, **May 13, 2005**, by 3p.m.

As a result of your failure to report as instructed, your seniority was terminated effective **May 13, 2005**.

Sincerely,

Dawn Ford
HR Generalist

**SENT VIA CERTIFIED MAIL**

DaimlerChrysler Corporation
550 South College Avenue   CIMS 114-00-00
Newark DE USA  19713 1383

# DAIMLERCHRYSLER

Notice of Suspension, Disciplinary Layoff or Discharge

To Union Representative _John Mehalshick_    Date _5/13/05_

Employee _David Smiley_    Clock No. _24168_

☐ Suspension    From _____ a.m. p.m. on _____ 19 ___

☐ Disciplinary Layoff

☒ Discharge    To _____ a.m. p.m. on _____ 19 ___

REASON: _Cleared by employment_

_____

_____

_____

*You are advised that you have the right to request union representation.*

Signed _mailed to employee_    Signed _Dawn McFoid_
EMPLOYEE (INDICATES RECEIPT ONLY)    MANAGEMENT REPRESENTATIVE

84-753-9804 (REV. 12/96)    1. White-Employee    2. Canary-Union Rep.    3. Pink-Labor Relations    4. Goldenrod-Department

EXHIBIT G

Second Trip

**Peter B. Bandera, M.D.**
TROLLEY SQUARE, SUITE B-10
WILMINGTON, DE 19806

TELEPHONE (302) 777-7723
FAX          (302) 777-3454

DEA Reg No. BB3216113

NAME _D Smley_          AGE _____

ADDRESS _____          DATE _2/23/05_

℞

Resume No Work

2/23 → 3/9/05

Call in # 2005 0626 48

REFILL _____ TIMES _____

Substitution Permitted

In order for a brand name product to be dispensed, the prescriber must hand write 'Brand Necessary' or Brand Medically Necessary' in the space below.

_____

**Peter B. Bandera, M.D.**
TROLLEY SQUARE, SUITE B-10
WILMINGTON, DE 19806

TELEPHONE (302) 777-7723
FAX          (302) 777-3454

DEA Reg No. BB3216113

NAME _Smley David_

ADDRESS _____          AGE _____

℞          DATE _3/9/05_

Continue No Work

3/9 → 4/6/05 —

Call IN # 2005 1105 67

11 MAR 05

TIMES

Permitted

DX 726.32

brand name product to be dispensed, the prescriber must hand Necessary' or Brand Medically Necessary' in the space below.

**Peter B. Bandera, M.D.**
TROLLEY SQUARE, SUITE B-10
WILMINGTON, DE 19806

TELEPHONE (302) 777-7723
FAX          (302) 777-3454

DEA Reg No. BB3216113

NAME _David Smley_

ADDRESS _____          AGE _____

℞          DATE _4/6/05_

Cont No Work

4/6 → 5/11/25

2005 152828

TIMES

on Permitted

or a brand name product to be dispensed, the prescriber must hand and Necessary' or Brand Medically Necessary' in the space below.

**Peter B. Bandera, M.D.**
TROLLEY SQUARE, SUITE B-10
WILMINGTON, DE 19806

TELEPHONE (302) 777-7723
FAX          (302) 777-3454

DEA Reg No. BB3216113

NAME _David Smley_          AGE _____

ADDRESS _____          DATE _5/9/05_

℞

Cont No Work

5/9 → 6/15/05

ongoing

REFILL _____ TIMES _____

Substitution Permitted

Call in Number
2005 195 978

**Peter B. Bandera, M.D.**
TROLLEY SQUARE, SUITE B-10
WILMINGTON, DE 19806

TELEPHONE (302) 777-7723          DEA REG No. BB3216113
FAX          (302) 777-3454

NAME _D Smley_                     AGE _____
                                   DATE 2/23/05
ADDRESS _____

R̶x

Resume NO WORK

2/23 → 3/9/05

CALL IN # 2005.0846 48

REFILL ____  TIMES ____

Substitution Permitted

In order for a brand name product to be dispensed, the prescriber must hand
write 'Brand Necessary' or Brand Medically Necessary' in the space below.

---

**Peter B. Bandera, M.D.**
TROLLEY SQUARE, SUITE B-10
WILMINGTON, DE 19806

TELEPHONE (302) 777-7723
FAX          (302) 777-3454          DEA REG No. BB3216113

NAME _Smley David_                 AGE _____
ADDRESS _____       DATE 3/9/05

R̶x

Continue NO WORK

3/9 → 4/6/05 —

CALL IN # 2005 1105 67

11 MAR 05

TIMES

imited

brand name product to be dispensed, the prescriber must hand
ecessary' or Brand Medically Necessary' in the space below.

---

**Peter B. Bandera, M.D.**
TROLLEY SQUARE, SUITE B-10
WILMINGTON, DE 19806

TELEPHONE (302) 777-7723
FAX          (302) 777-3454          DEA REG No. BB3216113

NAME _David Smiley_                AGE _____
ADDRESS _____       DATE 4/6/05

R̶x

Cont NO WORK

4/6 → 5/11/05

2005 152 828

REFILL ____  TIMES ____

Substitution Permitted

In order for a brand name product to be dispensed, the prescriber must hand
write 'Brand Necessary' or Brand Medically Necessary' in the space below.

---

**Peter B. Bandera, M.D.**
TROLLEY SQUARE, SUITE B-10
WILMINGTON, DE 19806

TELEPHONE (302) 777-7723
FAX          (302) 777-3454          DEA REG No. BB3216113

NAME _David Smiley_                AGE _____
ADDRESS _____       DATE 5/9/05

R̶x

Cont NO WORK

5/9 → 6/15/05

ongoing

Call in number
2005 198 998

REFILL ____  TIMES ____

Substitution Permitted

In order for a brand name product to be dispensed, the prescriber must hand
write 'Brand Necessary' or Brand Medically Necessary' in the space below.

**EXHIBIT E**

**Peter B. Bandera, M.D.**
TROLLEY SQUARE, SUITE B-10
WILMINGTON, DE 19806

TELEPHONE (302) 777-7723
FAX         (302) 777-3454              DEA Reg No. BB3216113

NAME _D. Smly_                          AGE _____

ADDRESS _____              DATE 11/90/05

R— To Whom It May Concern:
The Medical Note of 3/9/05
written on an Prescription pad
was exclusively written and
authorized by me, inclusive of the
added dx of 726,32 (see copy attached)

REFILL _____ TIMES _____
Substitution Permitted

In order for a brand name product to be dispensed, the prescriber must hand
write 'Brand Necessary' or Brand Medically Necessary' in the space below.

_____

PETER B. BANDERA, M.D.
B-10 TROLLEY SQUARE
WILMINGTON, DE 19805
(302) 777-7723
200481609

---

Second Trip

**Peter B. Bandera, M.D.**
TROLLEY SQUARE, SUITE B-10
WILMINGTON, DE 19806

TELEPHONE (302) 777-7723
FAX         (302) 777-3454              DEA Reg No. BB3216113

NAME Smly David

ADDRESS _____              AGE _____
                                    DATE 3/9/05

R Continue NO WORK

3/9 → 4/6/05 —

Call In # 2005 1105 67

11 MAR 05

TIMES _____
_____ mitted

DX 726.32

brand name _____

PETER B. BANDERA, M.D.
B-10 TROLLEY SQUARE
WILMINGTON, DE 19805
(302) 777-7723
200481609

---

Exhibit H

**Peter B. Bandera, M.D.**
TROLLEY SQUARE, SUITE B-10
WILMINGTON, DE 19806

TELEPHONE (302) 777-7723
FAX       (302) 777-3454        DEA REG NO. BB3216113

NAME _____ AGE _____

ADDRESS _____ DATE 11/90/05

Rx To Whom It May Concern:
The Medical Note of 3/9/05
written on an prescription pad
was exclusively written and
authorized by me, inclusive of the
added dx of 726, 32 (see copy attached)

REFILL _____ TIMES _____

Substitution Permitted

In order for a brand name product to be dispensed, the prescriber must hand
write 'Brand Necessary' or Brand Medically Necessary' in the space below.

_____

EXHibit I