IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID A. SMILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 1:07-005-SLR |
| v. | ) |
| | ) |
| DAIMLER CHRYSLER, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT DAIMLERCHRYSLER COMPANY LLC'S**
**ANSWER TO THE COMPLAINT**

Defendant DaimlerChrysler Company LLC (hereinafter "DaimlerChrysler") answers the above-referenced Complaint as follows:

1. The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, DaimlerChrysler expressly denies that Plaintiff is entitled to any relief sought under 42 U.S.C. § 2000e-5 or any other federal or state discrimination laws.

2. DaimlerChrysler is without sufficient information to form a belief as to the truth of the allegation that Plaintiff is a resident of Delaware.

3. The allegations of this paragraph are admitted.

4. DaimlerChrysler admits that Plaintiff formerly was employed at its Newark, Delaware facility. The remaining allegations of this paragraph are denied.

5. The allegations of this paragraph are denied.

6. DaimlerChrysler denies that it discriminated against Plaintiff in any way, and therefore, it admits that no discriminatory practice is continuing. By way of further response,

DaimlerChrysler expressly denies any and all inferences of wrongdoing arising from the allegations of this paragraph.

7. The allegations of this paragraph are denied as stated. By way of further response, DaimlerChrysler answers that Plaintiff signed and verified his Charge of Discrimination with the Department of Labor of the State of Delaware on August 2, 2005. DaimlerChrysler expressly denies any and all inferences of wrongdoing arising from the allegations of this paragraph.

8. The allegations of this paragraph are denied as stated. By way of further response, DaimlerChrysler states that it received notice of Plaintiff's Charge of Discrimination from the Equal Employment Opportunity Commission on August 17, 2005. DaimlerChrysler expressly denies any and all inferences of wrongdoing arising from the allegations of this paragraph.

9. The allegations of this paragraph are admitted.

10. The allegations of this paragraph, including all of its subparts, are denied.

11. DaimlerChrysler denies that it discriminated against Plaintiff on the basis of any of the characteristics listed in subparts A-E of this paragraph, or on the basis of any other protected characteristic.

12. The allegations of this paragraph are denied, as Plaintiff did not submit a copy of his Charge of Discrimination as an exhibit to the Complaint. By way of further response, DaimlerChrysler expressly denies any and all inferences or allegations of wrongdoing arising from statements Plaintiff made in connection with his Charge of Discrimination.

13.   The allegations of this paragraph are denied. By way of further response, DaimlerChrysler expressly denies that Plaintiff has been denied rights pursuant to any federal or state employment laws.

14.   The allegations of this paragraph are denied. By way of further response, DaimlerChrysler expressly denies that Plaintiff is entitled to any remedy for his alleged harms.

## AFFIRMATIVE DEFENSES

And further answering, DaimlerChrysler pleads the following additional defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to timely serve DaimlerChrysler under the requirements of Rule 4(m) of the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed for failure to comply with the procedural prerequisites for filing a pro se complaint. Specifically, Plaintiff has not attached his Charge of Discrimination to the Complaint as mandated by Paragraph 12 of the District of Delaware's standard form titled "Complaint Under Title VII of the Civil Rights Act of 1964."

### FOURTH AFFIRMATIVE DEFENSE

DaimlerChrysler met any and all of its obligations to Plaintiff, and its actions toward Plaintiff were at all times based on legitimate, non-discriminatory business reasons.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to recover damages pertaining to actions that occurred more than 300 days prior to the filing of his Charge of Discrimination, such claims are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of damages or other legal or equitable relief based on the facts and circumstances of this case.

WHEREFORE, DaimlerChrysler requests that the Complaint be dismissed with prejudice and that DaimlerChrysler be awarded its costs and fees and such other relief as this Court deems just and proper.

POTTER ANDERSON & CORROON LLP

By: _____
Jennifer Gimler Brady (#2874)
Jennifer Wasson (#4933)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
jbrady@potteranderson.com
jwasson@potteranderson.com

Dated: July 5, 2007
804918/ 31959

*Attorneys for Defendant DaimlerChrysler Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify this 5th day of July, 2007, that two (2) true and correct copies of the foregoing **DEFENDANT DAIMLERCHRYSLER COMPANY, LLC'S ANSWER TO THE COMPLAINT** was served by U.S. First Class Mail, postage prepaid, to the following:

> David A. Smiley, *pro se*
> 1956 Seneca Road
> Wilmington, DE 19805

Jennifer Wasson (No. 4933)
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6165 (Telephone)
(302) 658-1192 (Facsimile)
jwasson@potteranderson.com (Email)