To: Sue L. Robinson, JJ
From: David A. Smiley
RE: Civ. No. 07 - 005 SLR
Date: 19 JUN 07



Your Honor,

    The purpose of my letter is to request your permission; that I may amend my civil complaint as to enjoin both jointly and severely the following individuals.
    S. J. Sabo, M.D., a plant physician for the Daimler Chrysler Corporation; Carole N. Tinklepaugh, M.D., a plant physician for the Daimler Chrysler Corporation and Dawn Ford, a human resource specialist for the Daimler Chrysler Corporation.

    It is for the following reason (s) that I respectfully request to include S.J. Sabo, M.D.; it is because he had a fiduciary duty of confidentiality between treating doctor and patient, at the least there is an expectation of confidentiality between a treating physician and patient...

    S.J. Sabo breached that duty of confidentiality between treating doctor and patient, because on the date of 11/10/2004 S.J. Sabo; did commit a Slanderous act when he communicated intentionally and without merit, false and defamatory statements about my injury and personal character, prior to entry into my permanent employee medical record.

    S.J. Sabo breached that duty of confidentiality between treating doctor and patient, and did commit Libel. On 11/10/2004, he entered false and defamatory statements about my person and character.

    S.J. Sabo breached that duty of confidentiality between treating doctor and patient, and did Conspire, with other Daimler Chrysler physician(s) because on 11/10/2004 S.J. Sabo, M.D. did communicate and intentionally and without merit enter into my permanent employee medical record false and defamatory statements about my person and character.

    Prior to my termination, I was a facilitator instructor for the Daimler Chrysler Corporation. My job description was to go to other facilities for workshops and upon my return to the plant teach classes for both management and union personnel the new procedures and doctrine implements of the corporation via video and class interaction.

    In addition, as a direct result of the retaliatory act of S.J. Sabo, M.D., I have received harm to my reputation because prior to my termination, I have held the positions of Alternate Committeeman and Alternate Shop Steward, all by appointment because of my work ethic and person.

    Because of the retaliatory act of S.J. Sabo, M.D., I experience harm economically

because the Daimler Chrysler Corporation terminated me shortly after my work related injury.

I experienced harm because of the opportunities lost, due to my termination because of the retaliatory act of S.J. Sabo, M.D.

It is for the following reason (s) that I respectfully request to include Carole N. Tinklepaugh, M.D.; because she had a fiduciary duty of confidentiality between treating doctor and patient, at the least there is an expectation of confidentiality between a treating physician and patient.

Carole N. Tinklepaugh, M.D. breached that duty of confidentiality between treating doctor and patient, because on the date of 11/10/2004 ; Carole N. Tinklepaugh, M.D. did commit a Slanderous act when she communicated intentionally and without merit, false and defamatory statements about my injury and personal character, prior to entry into my permanent employee medical record.

Carole N. Tinklepaugh, M.D. breached that duty of confidentiality between treating doctor and patient, and did commit Libel, because 11/10/2004 Carole N. Tinklepaugh, M.D., intentionally and without merit enter into my permanent employee medical record false and defamatory statements about my person and character.

Carole N. Tinklepaugh, M.D. breached that duty of confidentiality between treating doctor and patient, and did Conspire, with other Daimler Chrysler physician(s) because on 11/10/2004 Carole N. Tinklepaugh, M.D. did communicate and intentionally and without merit enter into my permanent employee medical record false and defamatory statements about my person and character.

A direct result of the retaliatory act of Carole N. Tinklepaugh, M.D., I have been harmed professionally. Prior to my termination, I was a facilitator instructor for the Daimler Chrysler Corporation, my job description was to go to other facilities for workshops and upon my return to the plant teach classes for both management and union personnel the new procedures and doctrine implements of the corporation via video and class interaction.

In addition, as a direct result of the actions of Carole N. Tinklepaugh, M.D. , I have received harm to my reputation because prior to my termination ; also I have held the positions of Alternate Committeeman and Alternate Shop Steward, all by appointment because of my work ethic and person.

Carole N. Tinklepaugh has caused me harm economically, because of her retaliatory act. The Daimler Chrysler Corporation terminated me after sixteen years of continued employment.

As a direct result of the retaliatory act of Carole N. Tinklepaugh, M.D., I have experienced harm due to opportunities missed because of my termination.

It is for the following reason (s) that I respectfully request to include Dawn Ford; it is because of her utterance of Slanderous statements made to other Daimler Chrysler employees, when on May 13, 2005, without merit or cause as to the validity of the notes of my treating physician, willfully stating that I had forged them.

As a direct result of the tortuous retaliatory actions of Daimler Chrysler employee Dawn Ford, I have been harmed because of the opportunities missed because of my termination" …that I had attempted to utilize the same photo copy of a prior doctor note submitted earlier by way of another employee later that same day".

As a direct result of the tortuous retaliatory actions of Daimler Chrysler employee Dawn Ford, I have experienced harm. Because of missed opportunities due to my termination, due to the false statement made that, "I did not return on May 13, 2005, to the Newark Assembly Plant facility".

On or about May 4-15, 2004, Dawn Ford did conspire with other Daimler Chrysler employees when she knowingly and willingly engaged in Libel and Slander because of her deliberate communication of misinformation regarding my person.

I was harmed economically and professionally when on or about the period of May 4-15, 2004, Dawn Ford did conspire with other Daimler Chrysler employee's to knowingly and willingly engage in the deliberate communication of misinformation regarding my person, and events which resulted in my wrongful termination after sixteen years of continuous employment.

Utterances of May 13, 2005 made by Dawn Ford have harmed me professionally.
Prior to my termination, I was a facilitator instructor for the Daimler Chrysler Corporation, my job description was to go to other facilities for workshops and upon my return to the plant teach classes for both management and union personnel the new procedures and doctrine implements of the corporation via video and class interaction.

In addition, as a direct result of the retaliatory acts of Dawn Ford, I have received harm to my reputation, because prior to my termination I have held the positions of Alternate Committeeman and Alternate Shop Steward, all by appointment because of my work ethic and person.

As a direct result of the tortuous and retaliatory actions of Daimler Chrysler employee Dawn Ford, I have experienced harm because of the opportunities missed due to my termination.

Economically, the Daimler Chrysler Corporation and its agents because of its

retaliatory actions which resulted in my termination shortly after my work related injury have harmed me.

In closing, your honor I pray that you would find the above reasons sufficient as to grant my request. Thank you in advance your honor, for both your valuable time and attention to this matter.

Respectfully yours,

*[signature]*

David A. Smiley

From: Mackay LN
Newark, DE 19714-13

WILMINGTON DE 197
03 JUL 2007 PM 1 L

U.S.M.S
X-RAY

Judge Sue L. Robinson
c/o Caleb Boggs Federal Bldg.
844 North King Street
Lock box 31
Wilmington, DE 19801