IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID A. SMILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 1:07-005-SLR |
| v. | ) |
| | ) |
| DAIMLER CHRYSLER, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT DAIMLERCHRYSLER COMPANY LLC'S**
**OPPOSITION TO PLAINTIFF'S REQUEST TO AMEND**

POTTER ANDERSON & CORROON LLP

Jennifer Gimler Brady (#2874)
Jennifer Wasson (#4933)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000 - Telephone
(302) 658-1192 - Facsimile
jbrady@potteranderson.com
jwasson@potteranderson.com

*Attorneys for Defendant DaimlerChrysler Company, LLC*

Dated: July 24, 2007
807923 / 31959

# TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS / STATEMENT OF FACTS ........................ 1

SUMMARY OF ARGUMENT .................................................................................................. 3

ARGUMENT ............................................................................................................................... 4

    I.    Plaintiff's Defamation Claims Are Untimely .................................................... 4

    II.    Plaintiff's Claims For Breach of Physician-Patient Privilege Fail as a Matter of Law ................................................................................................................. 5

    III.    Plaintiff Cannot State an Actionable Claim for Conspiracy ............................. 7

    IV.    Plaintiff Cannot Allege a Retaliation Claim Against the Proposed Defendants ...... 8

CONCLUSION ............................................................................................................................ 9

**TABLE OF AUTHORITIES**

CASES

Pages

Alba v. Advan, Inc.,
  2007 WL 1814677 (11th Cir. June 27, 2007) ........................................................8

Amaysing Techs. Corp. v. Cyberair Commc'ns., Inc.,
  2005 WL 578972 (Del. Ch. Mar. 3, 2005) ............................................................8

Better v. Mitchell,
  2004 WL 3312524 (Del. Com. Pl. Oct. 5, 2004) ..................................................4

Davis v. West Center City Neighborhood Planning Advisory Cmm.,
  2003 WL 908885 (Del. Super. Ct. Mar. 7, 2003) ..................................................7

DeMoss v. News-Journal Co.,
  408 A.2d 944 (Del. 1979) .....................................................................................4

Emerson v. Thiel College,
  296 F.3d 184 (3d Cir. 2002) ..................................................................................8

Hill v. City of Scranton,
  411 F.3d 118 (3d Cir. 2005) ..................................................................................3

In re Burlington Coat Factory Sec. Litig.,
  114 F.3d 1410 (3d Cir. 1997) ................................................................................3

In re Transamerica Airlines, Inc.,
  2006 WL 587846 (Del. Ch. Feb. 28, 2006) ..........................................................7

Koslow v. Commonwealth of Pennsylvania,
  302 F.3d 161 (3d Cir. 2002) ..................................................................................8

Messelt v. Security Storage Co.,
  14 F.R.D. 507 (D. Del. 1953) ................................................................................5

Ramunno v. Cawley,
  705 A.2d 1029 (Del. 1998) ...................................................................................7

Read v. Carpenter,
  1995 WL 945544 (Del. Super. Ct. June 8, 1995) .................................................4

Shipley v. Orndoff,
  2007 WL 1662365 (D. Del. June 7, 2007) ...........................................................3

Williams v. Howe,
  2004 WL 2828058 (Del. Super. Ct. May 3, 2004) ...........................................4, 5

**STATUTES**

10 Del. C. § 8119 ...................................................................................................................4

19 Del. C. § 2343 ...................................................................................................................6

**OTHER AUTHORITIES**

Del. R. Evid. 503(b) ...............................................................................................................6

Fed. R. Evid. 501 ...................................................................................................................6

Federal Rules of Civil Procedure 15(a) .................................................................................3

Federal Rules of Civil Procedure 15(c)(2) ............................................................................5

Federal Rules of Civil Procedure 15(c)(3) ............................................................................5

## NATURE AND STAGE OF THE PROCEEDINGS / STATEMENT OF FACTS

On January 4, 2007, Plaintiff David A. Smiley ("Plaintiff") brought an employment discrimination action against Defendant DaimlerChrysler Company LLC ("DaimlerChrysler"). Plaintiff, who is proceeding pro se and in forma pauperis, filed the Title VII discrimination complaint form issued by the Court as his initial pleading. (Dkt. Nos. 2; 4.) DaimlerChrysler was the only defendant named in Plaintiff's lawsuit.

On January 17, 2007, the Court ordered Plaintiff to complete USM 285 forms so that a U.S. Marshal could serve his complaint. (Dkt. No. 5.) Plaintiff did not return these forms until May 4, 2007. (Dkt. No. 5.) Plaintiff also completed the forms incorrectly. He requested that Dr. S.J. Sabo, Dr. Carol Tinklepaugh, and Dawn Ford be served with his complaint, even though none of these individuals had been named as defendants in his lawsuit. On May 9, 2007, the Court rejected Plaintiff's attempt to serve these individuals on the grounds that they were not parties. (Dkt. No. 6.) Plaintiff made no effort at that time to join Dr. Sabo, Dr. Tinklepaugh, or Ford. On July 5, 2007, DaimlerChrysler timely responded to Plaintiff's complaint. (Dkt. No. 9.)

A few days after receiving DaimlerChrysler's answer, and nearly six months after filing his initial pleadings, Plaintiff wrote a letter to the Court seeking to amend his complaint to join Dr. Sabo, Dr. Tinklepaugh, and Ford and to bring various additional claims.[1] In his letter, Plaintiff alleges, without any substantiation, that all three of the proposed defendants defamed, conspired, and retaliated against him. (Dkt. No. 11.) He also contends that both Dr. Sabo and

---

[1] Plaintiff's letter is not in conformity with the Court's civil rules governing motion practice. Plaintiff's pro se status does not exempt him from compliance with the Court's procedures, and he should not be permitted to file letters or other informal submissions in lieu of motions and/or other proper pleadings. As such, the Court should reject Plaintiff's request to amend his complaint out of hand. Should the Court consider the merits of Plaintiff's allegations, however, his request should be denied for the reasons set forth in this opposition brief.

1

Dr. Tinklepaugh breached duties of confidentiality derived from the physician-patient privilege.[2] (Dkt. No. 11.)

As demonstrated below, however, Plaintiff cannot sustain any of his purported causes of action against the proposed defendants as a matter of law. Should Plaintiff be permitted to amend his pleadings, his claims would be subject to an immediate motion to dismiss, rendering his amendments futile. DaimlerChrysler therefore opposes Plaintiff's request to amend his complaint and respectfully asks the Court to deny same.

---

[2] For purposes of this opposition brief, DaimlerChrysler deems the statements in Plaintiff's letter to be the substantive allegations of the proposed amended complaint.

## SUMMARY OF ARGUMENT

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend his complaint after a responsive pleading is served only by leave of court or by written consent of the opposing party. F.R.C.P. 15(a). While Rule 15 provides that leave to amend should be "freely given when justice so requires," a district court has discretion to deny a motion to amend if the proposed amendments would be futile. See Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005); Shipley v. Orndoff, 2007 WL 1662365, at *10 (D. Del. June 7, 2007). An amendment is futile when it does not state a claim for which relief could be granted. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). "If the proposed amendment is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Shipley, 2007 WL 1662365, at *10 (internal quotations and citations omitted). In this case, none of the allegations set forth in Plaintiff's letter constitute actionable claims. Consequently, Plaintiff's request to amend his complaint should be denied.

## ARGUMENT

I. **Plaintiff's Defamation Claims Are Untimely**

In his letter, Plaintiff alleges that the proposed defendants committed libel and slander by entering defamatory information into his employee medical record and by making false statements about him. (Dkt. No. 11.) To state a claim for defamation, Plaintiff must plead: "1) the defamatory character of the communication; 2) publication; 3) that the communication refers to the plaintiff; 4) the third party's understanding of the communication's defamatory character; and 5) injury." Read v. Carpenter, 1995 WL 945544, at *2; *5 (Del. Super. Ct. June 8, 1995) (dismissing defamation claim because plaintiff did not plead publication). Plaintiff has not disclosed the content of the purportedly slanderous statements made by Dr. Sabo or Dr. Tinklepaugh, nor has he identified the persons to whom any of the defendants' allegedly defamatory remarks were made. Plaintiff's vague assertions fall short of alleging the necessary elements of a defamation action and thus fail at the outset. See Better v. Mitchell, 2004 WL 3312524, at *3 (Del. Com. Pl. Oct. 5, 2004) ("Since the plaintiff has failed to succinctly plead the five elements of a cause of action for defamation, her claim for slander must be dismissed.").

Even if Plaintiff's scant allegations could survive this pleading requirement, however, his claims are time-barred. Plaintiff maintains that the physicians' alleged defamation occurred on November 11, 2004, while Ford "willingly engaged in Libel and Slander" during May 4-15, 2004 and May 13, 2005. (Dkt. No. 11.) Under Delaware law, actions for defamation are governed by the two-year statute of limitations for personal injuries. See 10 Del. C. § 8119; see also DeMoss v. News-Journal Co., 408 A.2d 944, 945 (Del. 1979) (affirming dismissal of libel action filed two years and ten months after publication); Williams v. Howe, 2004 WL 2828058, at *3 n.8 (Del. Super. Ct. May 3, 2004) ("Any action alleging slander and/or libel must be filed

4

within the two-year period from the date the alleged defamatory statement is communicated to the third party."). As such, Plaintiff's claims are untimely.

Moreover, Plaintiff has no means by which to resurrect his allegations through relation back to his original complaint. His claims against the physicians would be time-barred even if brought in his initial pleadings, and his May 2005 claim against Ford cannot relate back to his complaint because it involves an entirely new party and a cause of action completely independent from those raised in his original pleading. See F.R.C.P. 15(c)(2) (relation back permissible when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"); F.R.C.P. 15(c)(3) (noting that, among other things, Rule 15(c)(2) must be satisfied to permit relation back when the amendment at issue changes the party against whom a claim is asserted). See also Messelt v. Security Storage Co., 14 F.R.D. 507, 512 (D. Del. 1953) (denying motion to amend brought by plaintiffs seeking to add new claim against new party in part because "[w]hen . . . a new or distinct claim or cause of action is presented after the running of the statute of limitations, then the filing of the new claim will not relate back to the filing of the original complaint"). Plaintiff's action for disability discrimination against DaimlerChrysler involves contentions wholly distinct from his allegations of libel and slander against Ford. Accordingly, Plaintiff cannot meet the standard for relation back under Rule 15, and his thinly-pled defamation claim against Ford should not be permitted to proceed.

II. **Plaintiff's Claims for Breach of Physician-Patient Privilege Fail As A Matter Of Law**

In addition to his defamation claims, Plaintiff attempts to assert breach of privilege claims against Dr. Sabo and Dr. Tinklepaugh, alleging that both doctors contravened a "fiduciary

5

duty of confidentiality" and violated physician-patient privilege by making certain entries in his employee medical records maintained by DaimlerChrysler. (Dkt. No. 11.) Under the facts of this case, however, Plaintiff's breach of privilege claims are completely untenable as a matter of law. First, and most simply, Rule 503(b) of the Delaware Rules of Evidence limits the scope of the physician-patient privilege only to communications between an individual and his *own* physician. See Del. R. Evid. 503(b) (explaining that a patient has a privilege to refuse to disclose confidential communications between the patient and the patient's physician); Fed. R. Evid. 501 (noting that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness . . . shall be determined in accordance with State law"). Dr. Sabo and Dr. Tinklepaugh were retained by DaimlerChrysler as the Company's plant physicians – their services were performed at the behest and for the benefit of the Company. As such, neither doctor is "Plaintiff's physician," and his communications with them are not subject to any claim of privilege.

Moreover, during the time complained of by Plaintiff, Plaintiff was on leave as a result of a worker's compensation injury. (Dkt. No. 2, Hourly PeopleSoft System records for David A. Smiley attached to complaint (showing that Plaintiff was on worker's compensation leave during the period at issue); Dkt. No. 2, Plaintiff's Response to Respondent's Answers ("I agree as to the dates [of] receiving Workman Compensation Benefits")). Delaware worker's compensation law explicitly provides that "no fact communicated to or otherwise learned by any physician or surgeon who has attended or examined the employee or who has been present at any examination shall be privileged...in any action at law." 19 Del. C. § 2343. Consequently, Plaintiff cannot assert any privilege with regard to his communications with Dr. Sabo and Dr. Tinklepaugh, and his meritless claims for breach of confidentiality should not be joined in this action.

### III. Plaintiff Cannot State An Actionable Claim For Conspiracy

In his letter, Plaintiff accuses Dr. Sabo, Dr. Tinklepaugh, and Ford of conspiring against him. (Dkt. No. 11.) He does not, however, allege the nature or purpose of the purported conspiracy(s) or identify the other actors involved. In Delaware, civil conspiracy is not an independent cause of action; the conspiracy must arise from some underlying wrong in which more than one person participated. Ramunno v. Cawley, 705 A.2d 1029, 1039 (Del. 1998); Davis v. West Center City Neighborhood Planning Advisory Cmm., 2003 WL 908885, at *3 (Del. Super. Ct. Mar. 7, 2003). Plaintiff neglects to provide this critical information about his claim – instead, he states only that a conspiracy occurred "because" or "when" Tinklepaugh, Sabo, and Ford engaged in defamatory conduct. (Dkt. No. 11.)

Even assuming (without conceding) that Plaintiff seeks to allege conspiracy with regard to the purported acts of libel and slander, his contentions do not state a cause of action. First, given that Plaintiff's libel and slander claims fail as a matter of law, a derivative claim for conspiracy also must fail. See Davis, 2003 WL 908885, at *3 (reasoning that "[b]ecause this Court has found as a matter of law that Plaintiff has failed to state a viable defamation claim, there can be no derivative claim for civil conspiracy" and granting motion to dismiss).

Second, Plaintiff's allegations regarding conspiracy pertain only to acts committed by Dr. Sabo, Dr. Tinklepaugh, and Ford within the scope of their work for DaimlerChrysler. To the extent Plaintiff alleges that these individuals engaged in a conspiracy with DaimlerChrysler that resulted in his termination, his claims are invalid, as a corporation cannot conspire with its agents unless such agents acted pursuant to personal motives independent of their employment. See In re Transamerica Airlines, Inc., 2006 WL 587846, at *6 (Del. Ch. Feb. 28, 2006) (explaining that

7

corporate agents cannot engage in conspiracy with corporation except when acting for personal reasons); Amaysing Techs. Corp. v. Cyberair Commc'ns., Inc., 2005 WL 578972, at *7 (Del. Ch. Mar. 3, 2005) ("A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation.") (internal citations omitted). The notion that the proposed defendants conspired against Plaintiff to realize some unidentified personal gain is untenable and inconsistent with the facts alleged in Plaintiff's letter. Thus, Plaintiff's purported conspiracy claims fail as a matter of law.

### IV.     Plaintiff Cannot Allege a Retaliation Claim Against the Proposed Defendants

Plaintiff asserts that he has been harmed as a result of the actions of Dr. Sabo, Dr. Tinklepaugh, and Ford, which he characterizes as "retaliatory." (Dkt. No. 11.) Should Plaintiff intend to state a claim for retaliation against these individuals, he has no valid basis for doing so. Plaintiff has provided no context in which to place his allegations of retaliation, and Delaware law does not recognize a generalized claim for "retaliation." To the extent that Plaintiff seeks to bring retaliation claims in connection with his alleged disability under federal law, his allegations fare no better, as there is no individual liability for retaliation under the ADA. See Alba v. Advan, Inc., 2007 WL 1814677, at *6 (11th Cir. June 27, 2007); Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161, 178 (3d Cir. 2002); Emerson v. Thiel College, 296 F.3d 184, 189 (3d Cir. 2002). Dr. Sabo, Dr. Tinklepaugh, and Ford thus are not subject to retaliation claims for acts committed within the scope of their work for DaimlerChrysler. As with Plaintiff's other allegations, these claims fail as a matter of law and should not be joined in this lawsuit.

## CONCLUSION

Leave to amend a complaint should not be granted when the proposed amendments are futile. In this case, the vague and unsupportable assertions in Plaintiff's letter simply do not state actionable claims. Every one of the allegations against Dr. Sabo, Dr. Tinklepaugh, and Ford fails as a matter of law and would not survive a motion to dismiss. Therefore, DaimlerChrysler respectfully asks that the Court deny Plaintiff's request to amend his complaint.

POTTER ANDERSON & CORROON LLP

By: _____
Jennifer Gimler Brady (#2874)
Jennifer Wasson (#4933)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 - Facsimile
jbrady@potteranderson.com
jwasson@potteranderson.com

Dated: July 24, 2007
807923/ 31959

*Attorneys for Defendant DaimlerChrysler Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify this 24th day of July, 2007, that two (2) true and correct copies of the foregoing **DEFENDANT DAIMLERCHRYSLER COMPANY LLC'S OPPOSITION TO PLAINTIFF'S REQUEST TO AMEND** was served by U.S. First Class Mail, postage prepaid, to the following:

>David A. Smiley, *pro se*
>26 Mackay Ln.
>Newark, DE 19713

>/s/ Jennifer Wasson
>Jennifer Wasson (No. 4933)
>Hercules Plaza – Sixth Floor
>1313 North Market Street
>Wilmington, DE 19801
>(302) 984-6165 (Telephone)
>(302) 658-1192 (Facsimile)
>jwasson@potteranderson.com (Email)