IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID A. SMILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 1:07-005-SLR |
| v. ) | |
| ) | |
| DAIMLER CHRYSLER, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT CHRYSLER LLC'S OBJECTIONS AND RESPONSES
TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Chrysler LLC, formerly known as DaimlerChrysler Corporation ("Chrysler"), hereby submits its objections and responses to Plaintiff's Request for Production of Documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

Chrysler submits these objections and responses to Plaintiff's Request for Production of Documents without conceding the relevancy or materiality of the subject matter of any request and without prejudice to Chrysler. Chrysler expressly reserves the right to object to further discovery into the subject matters of these requests or to object to the introduction into evidence of any information or documents produced in response to these requests. Chrysler reserves the right to supplement any response herein at any time.

**DEFINITIONS**

For purposes of these Responses:

1. "Plaintiff" refers to David A. Smiley.

2. "Defendant" or "the Company" refers to Chrysler LLC, formerly known as DaimlerChrysler Corporation.

3. "The Plant" refers to Chrysler's Newark, Delaware facility.

1

## **GENERAL OBJECTIONS**

1.  Chrysler's specific objections to each request are in addition to the general limitations and objections set forth in this section. These limitations and objections form a part of each and every response to the requests. Thus, the absence of a reference to a general objection should not be construed as a waiver of the general objection as to a specific request.

2.  Chrysler objects to these requests to the extent they seek information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges or immunities.

3.  Chrysler objects to these requests to the extent that:

    (a)  they seek information that is not within Chrysler's possession, custody or control;

    (b)  they seek discovery that is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;

    (c)  they may be construed to require responses beyond those required by the Federal Rules of Civil Procedure; and

    (d)  they seek information about or contained in documents that no longer exist.

4.  Chrysler objects to these requests to the extent they seek information and evidence that is not relevant to, nor reasonably calculated to lead to the discovery of admissible evidence, in this litigation.

5.  Chrysler objects to these requests to the extent that they are vague, ambiguous, overly broad, and do not identify the subject of inquiry with any reasonable particularity.

6.     Chrysler objects to these requests as unduly burdensome and oppressive, especially insofar as they seek information already in Plaintiff's possession, custody or control.

7.     Chrysler objects to these requests to the extent that they seek information that does not pertain either specifically or generally to issues relevant to this litigation. To the extent the requests relate to such other matters, they are overly broad, unduly burdensome and seek information neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence in this litigation.

8.     Chrysler objects to the use of "every," "all," "each," "ever," "any," or other similar words of expansion as overly broad, unduly burdensome, and harassing, particularly because, in some cases, the information sought covers an undefined period of time.

9.     Chrysler objects to these requests to the extent they seek confidential or proprietary business information and/or private and personal information which, if disclosed, would violate the legitimate privacy expectations of third parties.

10.     Chrysler objects to these requests to the extent they seek information outside the time period relevant to the Complaint.

## OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**

Performance records.

**RESPONSE:**     Chrysler objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and not limited to the relevant time period. Chrysler also objects to this request because it is vague and ambiguous. By way of further response, Chrysler interprets this request as seeking documents pertaining to

3

Plaintiff and objects to this request to the extent that it seeks information related to other employees or to matters outside the scope of Plaintiff's Complaint. Subject to and without waiving the foregoing objections, Chrysler states that during the relevant time period, performance reviews were not conducted on a regular basis for hourly bargaining unit employees such as Plaintiff. Thus, Chrysler does not have in its possession, custody or control documents that are denominated as "performance records." Nonetheless, in an effort to participate meaningfully in the discovery process, Chrysler will produce Plaintiff's personnel file, which contains disciplinary information and other performance-related information.

**REQUEST NO. 2:**

Medical records.

**RESPONSE:** Chrysler objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and not limited to the relevant time period. Chrysler also objects to this request because it is vague and ambiguous. By way of further response, Chrysler interprets this request as seeking documents pertaining to Plaintiff and objects to this request to the extent that it seeks information related to other employees or matters outside the scope of Plaintiff's Complaint. Subject to and without waiving the foregoing objections, Chrysler will produce its medical file relating to Plaintiff.

**REQUEST NO. 3:**

Physician notes.

**RESPONSE:** Chrysler objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and not limited to the relevant time period. Chrysler also objects to this request because it is vague and

4

ambiguous. By way of further response, Chrysler interprets this request as seeking documents pertaining to Plaintiff and objects to this request to the extent that it seeks information related to other employees or to matters outside the scope of Plaintiff's Complaint. Subject to and without waiving the foregoing objections, Chrysler will produce its medical file relating to Plaintiff.

**REQUEST NO. 4:**

Reports.

**RESPONSE:** Chrysler objects to this request on the grounds that it is unintelligible as drafted. Moreover, it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and not limited to the relevant time period. Chrysler further objects to this request because it is vague and ambiguous and provides no context for the types of reports sought.

**REQUEST NO. 5:**

Disciplinary action taken.

**RESPONSE:** Chrysler objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and not limited to the relevant time period. Chrysler also objects to this request because it is vague and ambiguous. By way of further response, Chrysler interprets this request as seeking documents pertaining to Plaintiff and objects to this request to the extent that it seeks information related to other employees or to matters outside the scope of Plaintiff's Complaint. Subject to and without waiving the foregoing objections, Chrysler will produce documents pertaining to disciplinary action taken against Plaintiff.

**REQUEST NO. 6:**

Notice of grievance action(s) received.

**RESPONSE:** Chrysler objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and not limited to the relevant time period. Chrysler also objects to this request because it is vague and ambiguous. By way of further response, Chrysler interprets this request as seeking documents pertaining to Plaintiff and objects to this request to the extent that it seeks information related to other employees or to matters outside the scope of Plaintiff's Complaint. Subject to and without waiving the foregoing objections, Chrysler will produce responsive documents, if any, relating to grievance proceedings involving Plaintiff.

**REQUEST NO. 7:**

Supervisor report filed.

**RESPONSE:** Chrysler objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and not limited to the relevant time period. Chrysler also objects to this request because it is vague and ambiguous. By way of further response, Chrysler interprets this request as seeking documents pertaining to Plaintiff and objects to this request to the extent that it seeks information related to other employees or to matters outside the scope of Plaintiff's Complaint. Subject to and without waiving the foregoing objections, Chrysler will produce responsive documents relating to Plaintiff.

**REQUEST NO. 8:**

Evidence presented by witnesses, grievance step(s) attained.

**RESPONSE:** Chrysler objects to this request as unintelligible as drafted. To the extent any further response is required, Chrysler objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and not limited to the relevant time period. Chrysler also objects to this request because it is vague and ambiguous. By way of further response, Chrysler interprets this request as seeking documents pertaining to Plaintiff and objects to this request to the extent that it seeks information related to other employees or to matters outside the scope of Plaintiff's Complaint. Subject to and without waiving the foregoing objections, Chrysler refers Plaintiff to Chrysler's response to Request No. 6, above.

**REQUEST NO. 9:**

Results and/or findings, interview taken, and appeal process applied.

**RESPONSE:** Chrysler objects to this request as unintelligible as drafted. To the extent any further response is required, Chrysler objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and not limited to the relevant time period. Chrysler also objects to this request because it is vague and ambiguous. By way of further response, Chrysler interprets this request as seeking documents pertaining to Plaintiff and objects to this request to the extent that it seeks information related to other employees or to matters outside the scope of Plaintiff's Complaint. Subject to and without waiving the foregoing objections, Chrysler states that, to the extent this request seeks information related to Plaintiff's grievance concerning his termination, the decision reached on such grievance was never appealed. By way of further response, Chrysler refers Plaintiff to Chrysler's response to Request No. 6, above.

**REQUEST NO. 10:**

Arbitrator presiding at appeal hearing.

**RESPONSE:** Chrysler objects to this request as unintelligible as drafted. To the extent any further response is required, Chrysler objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and not limited to the relevant time period. Chrysler also objects to this request because it is vague and ambiguous. By way of further response, Chrysler interprets this request as seeking documents pertaining to Plaintiff and objects to this request to the extent that it seeks information related to other employees or to matters outside the scope of Plaintiff's Complaint. Subject to and without waiving the foregoing objections, Chrysler states that, to the extent this request seeks information related to Plaintiff's grievance concerning his termination, the decision reached on such grievance was never appealed. Therefore, Chrysler has no documents responsive to this request.

**REQUEST NO. 11:**

Copies and/or transcripts of all interviews taken of witnesses.

**RESPONSE:** Chrysler objects to this request as unintelligible as drafted. To the extent any further response is required, Chrysler objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and not limited to the relevant time period. Chrysler also objects to this request because it is vague, ambiguous and does not specify the proceeding to which the request pertains.

**REQUEST NO. 12:**

Evidence presented the results of findings and all documentation in your possession.

8

**RESPONSE:** Chrysler objects to this request as unintelligible as drafted. To the extent any further response is required, Chrysler objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and not limited to the relevant time period. Chrysler also objects to this request because it is vague and ambiguous.

**REQUEST NO. 13:**

Writings.

**RESPONSE:** Chrysler objects to this request as unintelligible as drafted. To the extent any further response is required, Chrysler also objects to this request as vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not limited in scope to the matters alleged in the Complaint and/or the relevant time period.

**REQUEST NO. 14:**

Recordings.

**RESPONSE:** Chrysler objects to this request as unintelligible as drafted. To the extent any further response is required, Chrysler also objects to this request as vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not limited in scope to the matters alleged in the Complaint and/or the relevant time period.

**REQUEST NO. 15:**

All magnetic impulse, mechanical, digital, electronic recording, video recordings, analog and digital.

**RESPONSE:** Chrysler objects to this request as unintelligible as drafted. To the extent any further response is required, Chrysler also objects to this request as vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not limited in scope to the matters alleged in the Complaint and/or the relevant time period.

**REQUEST NO. 16:**

Written correspondence to include but not limited to.

**RESPONSE:** Chrysler objects to this request as unintelligible as drafted. To the extent any further response is required, Chrysler also objects to this request as vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not limited in scope to the matters alleged in the Complaint and/or the relevant time period.

**REQUEST NO. 17:**

Memos.

**RESPONSE:** Chrysler objects to this request as unintelligible as drafted. To the extent any further response is required, Chrysler also objects to this request as vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not limited in scope to the matters alleged in the Complaint and/or the relevant time period.

**REQUEST NO. 18:**

Intra office memos.

**RESPONSE:** Chrysler objects to this request as unintelligible as drafted. To the extent any further response is required, Chrysler also objects to this request as vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not limited in scope to the matters alleged in the Complaint and/or the relevant time period. Chrysler further objects to this request to the extent it is duplicative of Request No. 17.

**REQUEST NO. 19:**

Recordings.

**RESPONSE:** Chrysler objects to this request as unintelligible as drafted. To the extent any further response is required, Chrysler also objects to this request as vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not limited in scope to the matters alleged in the Complaint and/or the relevant time period. Chrysler further objects to this request because it is duplicative of Request No. 14.

**REQUEST NO. 20:**

Photographs, digital and analog.

**RESPONSE:** Chrysler objects to this request as unintelligible as drafted. To the extent any further response is required, Chrysler also objects to this request as vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not limited in scope to the matters alleged in the Complaint and/or the relevant time period.

**REQUEST NO. 21:**

[Omitted.]

**RESPONSE:** No response required.

**REQUEST NO. 22:**

Plant security video taken for the period 0830-1230 hours on May 13, 2005.

**RESPONSE:** Chrysler objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Chrysler states that it has not located any Plant security videos from this time period.

POTTER ANDERSON & CORROON LLP

By: _____
Jennifer Gimler Brady (#2874)
Jennifer Wasson (#4933)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 - Facsimile
jbrady@potteranderson.com
jwasson@potteranderson.com

*Attorneys for Defendant Chrysler LLC*

Dated: November 20, 2007
826336v2 / 31959

**CERTIFICATE OF SERVICE**

I hereby certify this 20th day of November, 2007, that two (2) true and correct copies of the foregoing **DEFENDANT CHRYSLER LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS** was served by U.S. First Class Mail, postage prepaid, to the following:

>David A. Smiley, *pro se*
>26 Mackay Ln.
>Newark, DE 19713

>_____
>Jennifer Wasson (No. 4933)
>Hercules Plaza – Sixth Floor
>1313 North Market Street
>Wilmington, DE 19801
>(302) 984-6165 (Telephone)
>(302) 658-1192 (Facsimile)
>jwasson@potteranderson.com (Email)