IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID A. SMILEY, | ) |
|     Plaintiff, | ) ) ) ) C.A. No. 1:07-005-SLR |
| v. | ) ) |
| DAIMLER CHRYSLER, | ) JURY TRIAL DEMANDED |
|     Defendant. | ) ) ) |

## STIPULATED PROTECTIVE ORDER

Plaintiff David Smiley and Defendant Chrysler LLC (formerly known as DaimlerChrysler Corporation), stipulate and agree as follows:

IT IS HEREBY ORDERED AS FOLLOWS:

1. Each of the parties to this action upon whom or which a discovery request, including a subpoena duces tecum, has been or shall be served by any party to this action may designate as "confidential" any documents, hereafter produced, when such materials refer or relate to, or would otherwise disclose, information of a personal, proprietary or confidential business nature. No material shall be designated as "confidential" which has not been treated as confidential by the party making the designation.

2. Any materials designated as "confidential" by a party producing them shall be conspicuously marked with the following legend:

"CONFIDENTIAL"

3. Material designated "confidential" shall be used by the party receiving the material solely for the prosecution or defense of this action.

4. Material designated as "confidential" shall be held in confidence by the party requesting the documents and his/her representatives; counsel for that party and professional, clerical, secretarial or other support personnel of such counsel; a person not an attorney retained by that party or counsel to assist in litigation such as accountants and experts, court reporters retained in connection with depositions in this litigation; and witnesses at deposition (collectively, the "receiving party"); none of whom shall permit disclosure of the documents, except for purposes necessary to this litigation, provided, however, that witnesses employed by a party which produces confidential material shall not by this order be precluded from testifying about such material in other litigation. The material may also be disclosed to the Court as necessary, including but not limited to pleadings filed with the Court and at proceedings before the Court; in those events, however, the confidential materials shall be subject to seal by the Court, or, if not sealed, shall be returned to the party which originally produced the material before it becomes a part of a court file capable of public inspection and/or copying. The receiving party shall neither grant nor permit any other person to have access to any material designated as "confidential," or inform any other person of the existence of such material or of any of the contents thereof without the prior approval in writing of the party producing such material, or an order of the Court upon written motion with notice to all parties.

5. The inadvertent failure of a party producing material to designate as "confidential" any document or other material referred to in Paragraph 1 shall not constitute, be construed as, or have the effect of, a waiver of confidentiality. In addition, the inadvertent disclosure or production by any party of any document protected by the attorney-client privilege or the attorney work product doctrine shall not constitute, be construed as, or have the effect of a waiver of such privilege or protection.

6. If any material designated as "confidential" or the contents thereof is inadvertently disclosed to any person not authorized to have access thereto, the party responsible for the inadvertent disclosure shall notify in writing the party, which produced the material, with a copy of the notices, sent to the Court. Such notice shall be sent three (3) days after the inadvertent disclosure is discovered, and shall identify by name, address, telephone number, and employer, each unauthorized person to whom disclosure was made, the date of such disclosure, and the surrounding circumstances.

7. Confidential material marked as an exhibit in a deposition or other discovery document remains confidential, and may not be disclosed by the receiving party except in accordance with this order.

8. If a party designates portions of a deposition taken in this case to be "confidential" then the transcript of that portion of the deposition may be used by the opposing party only for purposes of this lawsuit and such transcript portion, and the information contained therein, shall be treated by the opposing party as confidential pursuant to this order.

9. Materials designated as "confidential" may be used at trial to the extent they are admissible. A receiving party intending to use material designated by the other party as "confidential" at trial shall notify the producing party of that intention prior to trial. Any concerns regarding the use of such materials at trial shall be raised by the party seeking protection prior to trial.

10. If a party believes that information designated by another party as "confidential" should not be treated as confidential pursuant to this Protective Order, that party may contest the "confidential" designation for such document(s) by providing opposing counsel with written notice as to the specific information being challenged, together with a copy of each document

containing such information. In the event the parties cannot resolve the disagreement, the contesting party may move for an order removing the "confidential" designation from such document (s). Any information that is subject to dispute and/or motion as to whether it in fact contains confidential information shall, until further order of the Court, be treated as confidential in accordance with the provisions of this order.

11. At the conclusion of this action, including the exhaustion of all appeals, the party receiving any materials designated as "confidential" shall arrange for the destruction of the materials or the return of the materials to the party which produced them, pursuant to the producing party's instruction.

APPROVED AS TO FORM AND CONTENT:

DAVID A. SMILEY

By: [signature]
David A. Smiley
26 Mackay Lane
Newark, DE 19713
Tel: (302) 266-8245
    (302) 345-3395
Dasmyle2@aol.com

*Pro Se Plaintiff*

Dated: November 30, 2007

POTTER ANDERSON & CORROON LLP

By: [signature]
Jennifer Gimler Brady (#2874)
Jennifer Wasson (#4933)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
Fax: (302) 658-1192
jbrady@potteranderson.com
jwasson@potteranderson.com

*Attorneys for Defendant Chrysler LLC (formerly known as DaimlerChrysler Corporation)*

Dated: December 5, 2007

STIPULATION APPROVED AND ORDER ENTERED BY THE COURT, this _____ day of _____, 2007.

_____
Judge Sue L. Robinson

828422 / 31959