IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID A. SMILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 1:07-005-SLR |
| v. | ) |
| | ) |
| DAIMLER CHRYSLER, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT CHRYSLER LLC'S
REQUESTS FOR ADMISSION DIRECTED TO PLAINTIFF**

Pursuant to Rule 36 of the Superior Court Rules of Civil Procedure, Defendant Chrysler LLC, formerly known as DaimlerChrysler Corporation ("Chrysler") hereby propounds the following Requests for Admission on Plaintiff David A. Smiley ("Plaintiff"), to be answered in writing under oath within thirty (30) days of service thereof.

**DEFINITIONS**

For purposes of these Requests:

1. "Plaintiff" refers to David Smiley.

2. "Defendant" refers to Chrysler.

3. "Plant" refers to Chrysler's Newark Assembly Plant, located at 550 South College Avenue, Newark, Delaware 19713.

**INSTRUCTIONS**

1. The words "and" and "or" shall be construed in the conjunctive or disjunctive where necessary to facilitate appropriate responses to the admissions requested.

2. The singular shall be construed to include the plural, and vice-versa where necessary, to facilitate appropriate responses to the admissions requested.

3. The past tense shall be construed to include the present tense, and vice-versa where necessary, to facilitate appropriate responses to the admissions requested.

4. In responding to the requested admissions, Plaintiff shall seek out all available information, not merely information of which Plaintiff has actual knowledge.

5. If Plaintiff believes he must qualify or deny part of a requested admission, specify so much of the requested admission as Plaintiff believes is true and qualify or deny the remainder. A denial shall fairly meet the substance of the requested admission.

6. Responses to these Requests for Admission are continuing in nature and should be supplemented as required by the Superior Court Civil Rules.

7. Each of the statements made below shall be deemed admitted unless Plaintiff serves on Chrysler within the time due a written answer or objection directed specifically to the matter.

8. If an objection is made, the reasons therefore shall be stated with particularity. The answer shall specifically deny the matter or set forth in detail the reasons why Plaintiff cannot truthfully admit or deny the matter.

9. If any statement is denied in whole or in part, Plaintiff shall state with sufficient particularity the factual basis for such denial.

10. Plaintiff may not give lack of information or knowledge as a reason for failure to admit or deny any request unless Plaintiff states that he has made a reasonable inquiry and that the information known or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny.

11. If Plaintiff believes that a matter as to which an admission has been

requested presents a genuine issue for trial, he may not, on that ground alone, object to the request.

## REQUESTS FOR ADMISSION

1. Admit that you were assigned to work the left fender install job in February 2005.

**RESPONSE:**


2. Admit that you were assigned to work the left fender install job because you were unable to work your regular job on the assembly line.

**RESPONSE:**


3. Admit that the PQX Placement Team approved your assignment to the left fender install job in February 2005.

**RESPONSE:**


4. Admit that you could not perform the job duties associated with the left fender install job in February 2005.

**RESPONSE:**


5. Admit that you did not request an accommodation after you were unable to perform the left fender install job in February 2005.

**RESPONSE:**


6. Admit that you were placed on medical leave on February 18, 2005.

**RESPONSE:**


7. Admit that you received Sickness and Accident ("S&A") benefits while on medical leave from February 2005 to your termination.

**RESPONSE:**

3

8. Admit that you received a letter from Chrysler dated May 6, 2005 requesting that you submit documentation to substantiate your medical condition.

**RESPONSE:**

9. Admit that the doctor's notes you submitted to substantiate your medical condition on May 13, 2005 were photocopies and not originals.

**RESPONSE:**

10. Admit that on May 13, 2005, an employee in the personnel office informed you of the substantiation requirements for your medical condition.

**RESPONSE:**

11. Admit that Chrysler gave you a second opportunity on May 13, 2005 to submit the appropriate paperwork substantiating your medical condition.

**RESPONSE:**

12. Admit that you returned to the Plant a second time on May 13, 2005 with photocopies of doctor's notes with DCX codes written on them.

**RESPONSE:**

13. Admit that a grievance was filed with regard to your termination.

**RESPONSE:**

14. Admit that Chrysler and the UAW Local No. 1183 reached a resolution of your grievance.

**RESPONSE:**

15. Admit that you received a letter from union representative John Mehalshick dated April 3, 2006 regarding resolution of your grievance.

**RESPONSE:**

16. Admit that the letter referenced in Request No. 15 offered to reinstate your employment with Chrysler.

**RESPONSE:**

17. Admit that you did not accept the offer of reinstatement referenced in Request No. 15.

**RESPONSE:**

POTTER ANDERSON & CORROON LLP

By: _____
Jennifer Gimler Brady (#2874)
Jennifer Wasson (#4933)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 - Facsimile
jbrady@potteranderson.com
jwasson@potteranderson.com

*Attorneys for Defendant Chrysler LLC*

Dated: January 30, 2008
837665 / 31959

## CERTIFICATE OF SERVICE

I hereby certify this 30th day of January, 2008, that two (2) true and correct copies of the foregoing **DEFENDANT CHRYSLER LLC'S REQUESTS FOR ADMISSION DIRECTED TO PLAINTIFF** was served by U.S. First Class Mail, postage prepaid, to the following:

> David A. Smiley, *pro se*
> 26 Mackay Ln.
> Newark, DE 19713

Jennifer Wasson (No. 4933)
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6165 (Telephone)
(302) 658-1192 (Facsimile)
jwasson@potteranderson.com (Email)