IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID A. SMILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-05-SLR |
| | ) |
| DAIMLER CHRYSLER, | ) |
| | ) |
| Defendant. | ) |

David A. Smiley, Newark, Delaware. Pro se Plaintiff.

Jennifer Gimler Brady and Jennifer Catherine Wasson, Esquires, Potter Anderson & Corroon, LLP. Counsel for Defendant.

**MEMORANDUM OPINION**

Dated: February 21, 2008
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Plaintiff David A. Smiley ("plaintiff"), who proceeds pro se and has been granted leave to proceed in forma pauperis, filed this action against Daimler Chrysler ("defendant") alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5. Now before the court are plaintiff's motions to amend the complaint and defendant's oppositions thereto. (D.I. 11, 12, 17, 18) For the reasons set forth below, the court will grant in part and deny in part the motions.

## II. BACKGROUND

The complaint alleges employment discrimination in violation of Title VII. In reviewing the complaint, however, it appears that plaintiff actually alleges claims under the Americans with Disability Act ("ADA"),. 42 U.S.C. § 12101, et seq., for failure to accommodate a disability and for termination as a result of a disability. (D.I. 2) Plaintiff began his employment with defendant on April 6, 1989. He was injured on the job on March 11, 2004, and received workman's compensation benefits for a certain time period. He was terminated on May 13, 2005.

Plaintiff filed a letter/motion to amend on July 9, 2007. (D.I. 11) He moves to add as defendants, Dr. S. J. Sabo ("Dr. Sabo") and Dr. Carole N. Tinklepaugh ("Dr. Tinklepaugh"), both plant physicians for defendant. He also wishes to add as a defendant Dawn Ford ("Ford"), a human resource specialist for defendant. The proposed claims against Dr. Sabo and Dr. Tinklepaugh are for breach of doctor/patient confidentiality, and against all the newly proposed defendants for libel, slander, defamation, retaliation, and conspiracy. Plaintiff filed a second motion to amend the

complaint on September 27, 2007, the deadline to do so. (D.I. 16, 17) The second motion to amend is similar to the letter/motion as it seeks amendment for the same reasons, but it contains a more detailed argument and adds more claims. It appears that plaintiff adds a hostile work environment claim against defendant. In addition, plaintiff moves to add another new defendant, UAW Local 1183, its agents and insurer ("UAW"). The proposed claims against the UAW are race discrimination in violation of Title VII and breach of the duty of fair representation.

Defendant opposes the motions on the basis that amendment is futile. (D.I. 12, 19) More particularly, it argues that the defamation claims fail to state a claim upon which relief may be granted and are untimely, the claims for breach of physician/patient privilege fail as a matter of law, and plaintiff cannot state claims for conspiracy or for retaliation. Defendant takes no position on plaintiff's proposed allegations against the UAW.

### III. STANDARD OF REVIEW

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). Amendment, however, is not automatic. See Dover Steel Co., Inc. v. Hartford Accident and Indem., 151 F.R.D. 570, 574 (E.D. Pa. 1993). The court has discretion to deny leave to amend when there exists undue delay, bad faith, dilatory motive or undue prejudice to the opposing party, or when the amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Futility of

amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Additionally, if the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990).

## IV. DISCUSSION

### A. Defamation

Defendant argues that the defamation allegations fail to allege the necessary elements to state a claim. Additionally, it argues that even if the claims were properly alleged, they are barred by the statute of limitations and the claims do not relate back.

Plaintiff alleges that Dr. Sabo and Dr. Tinklepaugh engaged in defamatory conduct on February 14, 2004 and November 10, 2004, when they placed derogatory information in plaintiff's corporate medical record. Plaintiff alleges that Ford engaged in defamatory conduct on May 4 through May 15, 2004, when she engaged in misinformation regarding plaintiff, and on May 13, 2005, when she maliciously stated to other employees of defendant that plaintiff had forged notes from his treating physician.

#### 1. Failure to State a Claim

A claim of defamation requires the following elements to be established: "1) a false and defamatory communication concerning the plaintiff, 2) publication of the communication to third parties, 3) understanding of the defamatory nature of the communication by the third party, 4) fault on the part of the publisher, and 5) injury to the plaintiff." Bickling v. Kent Gen. Hosp., 872 F. Supp. 1299, 1307 (D. Del. 1994). A

defamatory communication is one that "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Henry v. Delaware Law School of Widener University, Inc., 1998 WL 15897, at * 10 (Del. Ch. Jan. 12, 1998) (citing Restatement (Second) of Torts § 559 (1977)). Both the defamatory character of the communication and the third party's understanding of the communication must be pled to establish a claim for defamation.

Plaintiff's claims against Dr. Sabo, Dr. Tinklepaugh, and Ford fail. As to Drs. Sabo and Tinklepaugh, the proposed amendments do not provide the statements that were allegedly made on February 14, 2004 and November 11, 2004, and do not identify to whom the statements were made or published. For the same reason, the allegations against Ford fail as to the statements she allegedly made during May 4 through May 15, 2004. Rather, the allegations consist of labels and conclusions. Finally, the proposed May 13, 2005 claim fails to allege an essential element of a defamation claim – that is an understanding of the defamatory nature of the communication by the third party to whom it was communicated.

A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1965 (2007) (citations omitted). Under the pleading standard, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips v. County of Allegheny, –F.3d–, No. 06-2869, 2008 WL 305025, at *6 (3d Cir. 2008) (quoting Twombly, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at

the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. Plaintiff's proposed amendments do not satisfy this pleading standard.

### 2. Statute of Limitations

Any action alleging slander and/or libel must be filed within the two-year period from the date the alleged defamatory statement is communicated to the third party. 10 Del. C. § 8119; Read v. Baker, 430 F. Supp. 472 (D. Del.1977) (actions to recover damages for libel and slander are barred after expiration of two years from the date the alleged libelous statement was published or the slanderous statement made). The complaint was filed on January 4, 2007. (D.I. 1) Therefore, claims occurring prior to January 4, 2005 are barred by the applicable limitations period. It is obvious from the face of the complaint that the proposed defamation claims that allegedly occurred on February 14, May 4 through May 15, and November 10, 2004 are barred by the applicable two year statute of limitations period. See Smith v. Delaware County Court, No. 07-4262, 2008 WL 101743 (3d Cir. Jan. 10, 2008); Wakefield v. Moore, 211 Fed. Appx. 99 (3d Cir. 2006) (citing Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)) ("[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible.").

### 3. Relation Back

Had plaintiff included the proposed May 13, 2005 defamation claim in his original complaint, it would not have been barred by the applicable two year limitations period. Defendant argues that the May 13, 2005 allegations against Ford do not relate back to

the original complaint because the claim involves a new party and is a cause of action completely independent from that raised in the original pleading.

     Rule 15(c) of the Federal Rules of Civil Procedure can ameliorate the running of the statute of limitations on a claim by making the amended claim relate back to the original, timely filed complaint. See Singletary v. Pennsylvania Dept. of Corr., 266 F.3d 186, 189 (3d Cir. 2001); Nelson v. County of Allegheny, 60 F.3d 1010, 1015 (3d Cir. 1995). Rule 15(c)(3) governs the relation back of a complaint adding new parties. Three conditions must be met for the successful relation back of an amended complaint that adds new parties: 1) the additional claim arose out of the same conduct as the original pleading; 2) the newly named party received such notice of the institution of the action within 120 days of the complaint so that the party will not be prejudiced in maintaining a defense on the merits; and 3) the newly named party must have known or should have known within 120 days that, but for a mistake made by the plaintiff concerning the newly named party's identity, the action would have been brought against the newly named party in the first place. Singletary v. Pennsylvania Dep't of Corr., 266 F.3d 186, 189 (3d Cir. 2001)(internal quotations and citations omitted); Fed. R. Civ. P. 15(c)(2), (3).

     Here, it appears the new claim arose out of the same conduct as the original pleading and, in light of the fact that Ford is an employee of defendant, the court presumes that she received notice of plaintiff's complaint within the 120 day time period. Nonetheless, relation back is applicable only if Ford should have known that she would have been named in the complaint but for a mistake - whether the mistake is based on lack of knowledge or mere misnomer. Arthur v. Maersk, Inc., 434 F.3d 196, 209 (3d Cir.

2006) (citations omitted); Nelson v. Adams USA, Inc., 529 U.S. 460, 467 n.1 (2000) ("mistake" of identity essential element of Rule 15(c)(3) standard).

The purpose of Rule 15(c) is to protect plaintiffs who name the wrong parties due to mistake of law or fact. Dalicandro v. Legalgard Inc., No. Civ.A. 99-3778, 2003 WL 182942, at *6 (E.D. Pa. Jan. 23, 2003). It is well-settled that 15(c)(3)(B) is not met if the plaintiff is aware of the identity of the newly named parties when he files his original complaint and simply "chooses" not to name them at that time. See, e.g., Garvin v. City of Philadelphia, 354 F.3d 215, 221 (3d Cir. 2003). On the other hand, however, the technical failure to name a party at the time of the original complaint, despite an intent to do so, constitutes a "mistake" within the meaning of Rule 15(c)(3). See, e.g., Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 457-58 (3d Cir.1996) ("mistake" element met because plaintiff "intended" to sue individual police officers in § 1983 claim, although plaintiff named only the police department in the original complaint).

The original complaint did not name Ford nor did it contain a defamation, liable or slander claim. Indeed, plaintiff filed his suit as an employment discrimination case. There is no reason that Ford should have known that she would later be named as a defendant in a defamation claim when plaintiff filed his case as an employment discrimination lawsuit. Notably, it is evident from the attachments to Ford's complaint that plaintiff knew who Ford was at the time he filed his suit, yet he failed to include the defamation claim in the original complaint.

Plaintiff has not met the requirements for relation back under Rule 15(c). Hence, amendment of the complaint would be futile because the amended complaint could not withstand a motion to dismiss on the basis of the statute of limitations. Accordingly, the

court will deny plaintiff's motion to amend to add the defamation claims.

### B. Physician/Patient Privilege

Defendant argues that plaintiff's claims for breach of privilege are "completely untenable as a matter of law." They note that Dr. Sabo and Dr. Tinklepaugh were retained by defendant as the plant physicians and, therefore, their communications are not subject to the claim of privilege.

Rule 503 of the Delaware Rules of Evidence contains the definition of confidential communications. "A communication is "confidential" if not intended to be disclosed to third persons, except persons present to further the interest of the patient in the consultation, examination or interview, persons reasonably necessary for the transmission of the communication or persons who are participating in the diagnosis and treatment under the direction of the mental health provider, physician or psychotherapist, including members of the patient's family." Del R. Evid. 503. There are, however, exceptions to the rule. There is no privilege for a communication relevant to an issue of the physical, mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of the patient's claim or defense. Id. at 503(d)(3). Finally, under the Delaware Workers' Compensation statute, "[n]o fact communicated to or otherwise learned by any physician or surgeon who has attended or examined the employee or who has been present at any examination shall be privileged either in the hearings provided for in this chapter or in any action at law." 19 Del. C. § 2343(c).

The exhibits attached to plaintiff's original complaint evidence that the treatment he received at the hands of defendant's physicians were related to his work injury.

Plaintiff is statutorily precluded from asserting the physician/patient privilege as to Drs. Sabo and Tinklepaugh. Therefore, plaintiff will not be allowed to amend his complaint to add a breach of the physician/patient privilege on the basis of futility of amendment.

### C. Conspiracy

Defendant argues that the proposed amendment fails to adequately allege conspiracy. Plaintiff refers to the writings of Drs. Sabo and Tinklepaugh as false statements which led to his termination. He contends that Ford conspired with defendant's employees when she provided misinformation about plaintiff and the misinformation resulted in his employment termination.

A civil conspiracy is defined in Delaware as the combination of two or more persons or entities either for an unlawful purpose, or for the accomplishment of a lawful purpose by unlawful means, resulting in damage. Anderson v. Airco, Inc., No. CIV. A. 02C-12-091HDR, 2004 WL 2827887, at *2-3 (Del. Super. Nov. 30, 2004); Connolly v. Labowitz, 519 A.2d 138, 143 (Del. Super. 1986); Nutt v. A.C. & S. Co., Inc., 517 A.2d 690, 694 (Del. Super. 1986); see Empire Financial Services, Inc. v. Bank of New York, 900 A.2d 92, 97 (Del. 2006). Civil conspiracy, standing alone, is not an independent cause of action. Id. There must be some underlying actionable tort by each individual defendant in order to obtain recovery on a civil conspiracy theory. Id. It is not the conspiracy itself, but rather the underlying wrong that must be actionable, even without the alleged conspiracy. Id.

Plaintiff's proposed conspiracy claim rests upon the allegations that Drs. Sabo and Tinklepaugh defamed him and that Ford conspired with defendant's employees in May 2004 when she made defamatory remarks. As previously discussed, the proposed

-9-

amendments fail to state claims for defamation and, further, are barred by the limitations period. Plaintiff's other allegations regarding comments made by Ford in 2005 do not allege a civil conspiracy and are barred as well. Moreover, corporate agents cannot engage in conspiracy with the corporation except when acting for personal reasons. In Re Transamerica Airlines Inc., No. Civ.A. 1039-N.2006 WL 587846, at *6 (Del. Ch. Feb. 28, 2006); Amaysing Tech. Corp. v. Cyberair Commc'n, Inc., No. Civ.A. 19890-NC, 2005 WL 578972, at *7 (Del. Ch. Mar. 3, 2005).

The proposed civil conspiracy count fails to allege a specific wrong or underlying actionable tort by each individual defendant as is required for recovery on a civil conspiracy. Therefore, plaintiff will not be allowed to amend his complaint to add a conspiracy claim on the basis of futility of amendment.

### D. Retaliation

Defendant argues that Delaware does not recognize an independent, generalized claim for retaliation. Further, it argues that there is no individual liability for retaliation under the ADA. Plaintiff argues that a retaliation claim is appropriate and cites language taken from Title VII retaliation claims. The court concludes, therefore, that plaintiff seeks to state a claim for retaliation either under Title VII or the ADA.

Individual employees cannot be held liable under Title VII. Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1077 (3d Cir.1996). Nor does the ADA permit individual damages liability on the part of employees. Fasano v. Federal Reserve Bank of New York, 457 F.3d 274, 289 (3d Cir. 2006).

Plaintiff's proposed retaliation claim fails as a matter of law. Therefore, he will not be allowed to amend his complaint to add a retaliation claim on the basis of futility of

amendment.

### E. Hostile Work Environment

Defendant contends that the proposed hostile work environment claim fails to state a claim upon which relief may be granted and argues that plaintiff should not be allowed to add this claim because he failed to exhaust his administrative remedies in this regard. Plaintiff contends that he was the "subject of negative utterances . . . regarding the legitimacy of [his] medical care, and that of [his] credibility, integrity, and honesty because of [his] race". Plaintiff states that he is an African American and was made to endure the wrongful acts perpetrated by defendant. Plaintiff does not address the issue of exhaustion.

Both the ADA and Title VII require exhaustion of administrative remedies prior to filing suit in federal court. See 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a). The purpose of this requirement is to provide the EEOC the chance to "investigate, mediate and take remedial action with respect to a charge of discrimination." Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir. 1976). The ambit of a civil complaint, once a right-to-sue letter is issued by the EEOC, is "'defined by the scope of the EEOC investigation which can reasonably be expected to grow out of a charge of discrimination,' regardless of the actual scope of the EEOC investigation." Hicks v. ABT Assoc., Inc., 572 F.2d 960, 966 (3d Cir. 1978) (quoting Ostapowicz v. Johnston Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976)). "[T]he relevant test for determining whether plaintiff must exhaust his administrative remedies, therefore, is 'whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom.'" Waiters v. Parsons, 729 F.2d 233 (3d Cir.

Case 1:07-cv-00005-SLR   Document 26   Filed 02/25/2008   Page 13 of 13


1984); Ostapowicz, 541 F.2d at 398-9. Courts have allowed claims not specifically mentioned in the EEOC charge "where there was a close nexus between the facts supporting the claims raised in the charge and those in the complaint." Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir. 1984); Ostapowicz, 541 F.2d at 398-99.

The court concludes that there is not a close nexus between the proposed hostile work environment claim and the facts supporting the claim in plaintiff's original EEOC charge. Plaintiff charged that he has a disability; was discriminated against when defendant failed to provide an accommodation for his disability; and defendant failed to accept plaintiff's medical documentation regarding the disability and terminated plaintiff because of his disability. The charges do not contain facts related to claims of a hostile work environment based upon race. Nor do they allege any fact from which a hostile work environment based upon race could reasonably be inferred. Moreover, it appears that a reasonable investigation of the charges would not have encompassed that claim within its scope. Therefore, plaintiff will not be allowed to amend his complaint to add a hostile work environment claim on the basis of futility of amendment.

## V. CONCLUSION

Based upon the foregoing analysis, the court will grant in part and deny in part plaintiff's motions to amend the complaint: Plaintiff's motions to amend the complaint are granted to the extent that plaintiff may amend his complaint to add the claims against the UAW Local 1183, and are denied in all other respects. An appropriate order will issue.

1984); Ostapowicz, 541 F.2d at 398-9. Courts have allowed claims not specifically mentioned in the EEOC charge "where there was a close nexus between the facts supporting the claims raised in the charge and those in the complaint." Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir. 1984); Ostapowicz, 541 F.2d at 398-99.

The court concludes that there is not a close nexus between the proposed hostile work environment claim and the facts supporting the claim in plaintiff's original EEOC charge. Plaintiff charged that he has a disability; was discriminated against when defendant failed to provide an accommodation for his disability; and defendant failed to accept plaintiff's medical documentation regarding the disability and terminated plaintiff because of his disability. The charges do not contain facts related to claims of a hostile work environment based upon race. Nor do they allege any fact from which a hostile work environment based upon race could reasonably be inferred. Moreover, it appears that a reasonable investigation of the charges would not have encompassed that claim within its scope. Therefore, plaintiff will not be allowed to amend his complaint to add a hostile work environment claim on the basis of futility of amendment.

## V. CONCLUSION

Based upon the foregoing analysis, the court will grant in part and deny in part plaintiff's motions to amend the complaint: Plaintiff's motions to amend the complaint are granted to the extent that plaintiff may amend his complaint to add the claims against the UAW Local 1183, and are denied in all other respects. An appropriate order will issue.