IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID A. SMILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 1:07-005-SLR |
| V. | ) |
| | ) |
| DIAMLER CHRYSLER, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant, | ) |
| | ) |

**PLAINTIFF DAVID SMILEY'S REQUESTS FOR ADMISSION
DIRECTED TO DEFENDANT**

Pursuant to the Superior Court Rules of Civil Procedure Rule 36, the Plaintiff David A. Smiley produces the following Requests for Admission onto the Defendant Daimler Chrysler, LLC; to be answered in writing under within thirty days of service thereof.

**DEFENITIONS**

For the purpose of the following Requests:

1. "Plaintiff" refers to David A. Smiley.

2. "Defendant" refers to Chrysler.

3. "Plant" refers to Newark Assembly Plant No. 4070, located at 550 South College Avenue Newark, DE 19713.

4. "Human Resource Department" refers to Newark Assembly

Plant No. 4070, located at 550 South College Avenue Newark, DE 19713.

## INSTRUCTIONS

1. The words "and" and "or" shall be construed in the conjunctive or disjunctive when necessary in order to facilitate the appropriate response to the admission requested.

2. The singular shall be construed to include the plural, and vice-versa where necessary, to facilitate appropriate responses to the admissions requested.

3. The past tense shall be construed to include the present tense and vice versa, where necessary to facilitate appropriate responses to the admissions requested.

4. If the defendant believes he/she must qualify or deny part of a requested admission, specify so much of the requested admission as such the defendant believes is true and qualify or deny the remainder. A denial shall fairly meet the substance of the requested admission.

5. Each of the statements made below shall be deemed admitted unless Defendant serves on the Plaintiff within the time due a written answer or objection directed specifically to the matter.

2. What was the length of time that you performed your duties as a human resource specialist prior to the date of May 13, 2005?

3. What are your qualifications to perform your position as a Human Resource specialist?

4. Do you admit that the Plaintiff explained the reason for reporting to the personnel office of the Defendant on the date of May 13, 2005?

5. Do you admit that the Plaintiff reported to the Newark Assembly Plant on May 13, 2005 as documentation provided issued by the medical department requesting an physical examination of the Plaintiff?

6. Do you admit that the Plaintiff was not seen by the medical department that day?

7. Do you admit that twice, submitted documentation by the Plaintiff to substantiate the dates of the absences were presented?

8. Do you admit that you rejected those documents presented by the Plaintiff?

9. What were your reasons for rejecting these documents?

10. Do you admit that the notes presented by the Plaintiff provide a clearly legible date which covered the period of treatment

starting May 4, through June 15, of the year 2005?

11. Did you inform the Plaintiff of your reasons for the rejection of the documents provided?

12. Did the Plaintiff produce the notice provided by the plant medical department requesting an examination be performed on or by May 13, 2005?

13. Did you provide the Plaintiff with a Reinstatement Denial Form?

14. Did you in any way change the content and or text of the Form?

15. Do you admit that you altered the presented form and that you possess the legal authority to effect changes to Corporate Forms?

16. Did the Plaintiff return later that morning with a new copy of the previously presented doctor notes, now reflecting the proper DX code as you had requested?

17. Did the Plaintiff present the document to Angela Fleming, in an effort to deliver the document to the personnel office as requested by you?

18. Did the Plaintiff present onto you a document provided by the Red Clay School District informing parents that its students were to have an early dismissal time of 1:00p.m. on the date of May 13, 2005.

19. Did you write an intra office memo to the plant labor relations

department dated May 13, 2005 containing your reasons for terminating the Plaintiff?

20. Do you admit that the Plaintiff was not afforded an additional 24 hrs. to rectify any disparities concerning the presented documentation?

21. What was the basis of your denial of this practice and for denying the additional 24 hrs. normally afforded others but not to the Plaintiff?

22. What is the established criterion for granting a 24hr extension in order to produce the necessary changes for substantiation of doctors notes presented by plant personnel?

23. Do you admit making the statement that the documentation provided by the Plaintiff was a "forgery" of his doctor's notes?

24. Do you admit that in a memo to Dan Mikialinko written by you, an entry in one of its passages was, "…the (Plaintiff) was not granted 24 hours, due to the fact that he already was given 5 days to report and present the requirements to the personnel office. He was well aware of the procedures and he was taken (taking) advantage of them."

25. Do you admit that the documents presented by the Plaintiff show the date the statement was written?

26. Do you admit that the start and stop dates of medical coverage presented

by the Plaintiff, show the documentation required as per the requirements of the Human Resources Department and distributed by the Newark Assembly Plant Information Notice dated 1 MAR05?

27. Do you admit the notes presented by the Plaintiff have a return to work date?

28. Do you admit that the notes presented by the Plaintiff have a confirmation of, unable to work, totally incapacitated, or totally disabled?

29. Do you admit that the note presented by the Plaintiff, show the diagnosis code for the absences?

30. Do you admit that the notes presented by the Plaintiff present the signature of the attending physician upon the statement given?

31. Do you admit that the notes presented by the Plaintiff were not rubber stamps?

32. Do you admit that the notes presented by the Plaintiff contained the attending physician's address and phone number and was not a fax?

33. Do you admit that you did not investigate nor attempt to verify the authenticity of statements, or information presented in the form of copies of the original notes presented by the Plaintiff?

34. Do you admit that the Plaintiff arrived back to the plant at or around 11:30 am and 11:40am to the personnel office on 13 MAR 05?

35. Do you admit that there are no provisions applicable which address the presentation copies of an original physician note within the Information Notice issued by the Human Resource department of the Newark Assembly plant?

36. Do you admit receiving from Angela Fleming, a copy of the Plaintiff's original doctor notes with the correct DX code as per "documentation requirements" of the Reinstatement/Substantiation from temporary separation, illness section of the Newark Assembly Plant Information Notice issued by the Human Resource department dated 1 MAR 05?

37. Do you admit that the copy presented by the Plaintiff containing the attending physician's signature; the signature was not a Rubber Stamp?

38. Do you admit that the copy presented by the Plaintiff containing the physician's address and phone number was not a fax?

39. Do you admit that a letter signed by you was sent to the Plaintiff dated 13MAY05; informing him that as a result of his failure to report back to the Plant on the next working day prior to 3p.m. 13MAY05, his seniority was terminated?

40. Do you admit that the "next working day" is 16MAY05?

41. Do you admit that the DX code presented on note copies reflect the proper PQX restrictions Plaintiff was issued by the plant medical Department?

by /s/ David A Smiley

David A Smiley, *pro se*
814 Village Circle B
Newark, DE  19713
(Residence) (302) 444-4872
(Cellular)(302) 345-3395
(Email) Dasmyle2@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID A. SMILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 1:07-005-SLR |
| V. | ) |
| | ) |
| DIAMLER CHRYSLER, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant, | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify this 28th day of March 2008, that two (2) true and correct Copies of the foregoing **Plaintiff DAVID A. SMILEY'S ANSWERS TO DEFENDANT DAIMLER CHRSYLER INTEROGATORIES** , was served by U.S. First Class Mail, postage prepaid, to the following address:

Jennifer Wasson (No. 4933)
Hercules Plaza - Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6165 (Telephone)
(302) 658-1192 (Facsimile)
Jwasson@potteranderson.com (Email)

David A. Smiley, *pro se*
814 Village Circle B
Newark, DE 19713
(302) 444-4872 (Residence)
(302) 345-3395 (Cellular)
Dasmyle2@aol.com (Email)