IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID A. SMILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 1:07-005-SLR |
| v. ) | |
| ) | |
| DIAMLER CHRYSLER, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant, ) | |
| ) | |

**PLAINTIFF DAVID SMILEY'S REQUEST FOR ADMISSION
DIRECTED TO DEFENDANT CHRYSLER LLC**

Pursuant to the Superior Court Rules of Civil Procedure Rule 36, the Plaintiff David A. Smiley produces the following Requests for Admission onto the Defendant Daimler Chrysler, LLC; to be answered in writing under oath within thirty days of service thereof.

**DEFENITIONS**

For the purpose of the following Requests:

1. "Plaintiff" refers to David A. Smiley.

2. "Defendant" refers to Chrysler.

3. "Plant" refers to Newark Assembly Plant No. 4070, located at 550 South College Avenue Newark, DE 19713.

4. "Human Resource Department" refers to Newark Assembly

Plant No. 4070, located at 550 South College Avenue Newark, DE 19713.

5. " Union" refers to UAW Local 1183; located at 698 Old Baltimore Pike Newark, DE 19702.

## INSTRUCTIONS

1.   The words "and" and "or" shall be construed in the conjunctive or disjunctive when necessary in order to facilitate the appropriate response to the admission requested.

2.   The singular shall be construed to include the plural, and vice-versa where necessary, to facilitate appropriate responses to the admissions requested.

3.   The past tense shall be construed to include the present tense and vice versa, where necessary to facilitate appropriate responses to the admissions requested.

4.   If the defendant believes he/she must qualify or deny part of a requested admission, specify so much of the requested admission as such the defendant believes is true and qualify or deny the remainder. A denial shall fairly meet the substance of the requested admission.

5.   Each of the statements made below shall be deemed admitted unless Defendant serves on the Plaintiff within the time due a written

answer or objection directed specifically to the matter.

6. If an objection is made, the reasons therefore shall be stated in particularity. The answer shall specifically deny the matter or set forth in detail the reasons why Defendant cannot truthfully admit or deny the matter.

7. If any statement is denied in completely or in part, Defendant shall state with sufficient particularity the factual basis for the denial.

8. Plaintiff may not give lack of information or knowledge as a reason for failure to admit or deny any request unless Defendant states that he/she has made a reasonable inquiry and that the information known or obtainable by Defendant is insufficient to enable Defendant to admit or deny.

9. Responses to these Requests for Admission are continuing in nature and may be supplemented as required by the Superior Court Civil Rules.

10. If Defendant believes that a matter exists as to which an admission has been requested presents a genuine issue for trial, Defendant may not, on that ground alone, object to the request.

## REQUEST FOR ADMISSION FOR DAN MIKALINKO

1. Do you admit that the Plaintiff did respond a letter instructing him to the plant report no later than 13 MAY 05?

**ANSWER:**

2. Do you admit that the Plaintiff did report to the plant as directed on 13 MAY 05?

**ANSWER:**

3. Do you admit that the Newark Assembly Plant Information Notice generated by the Human Resources Department on 1MAR 05, sets forth the necessary criteria for Reinstatement/Substantiation from Temporary Separation, Illness, or Injury?

**ANSWER:**

4. Do you admit the copies of the Plaintiff's physician notes satisfied the seven (7) criteria necessary for substantiation of his absences?

**ANSWER:**

5. Do you admit that the note provided by the Plaintiff give the date the

statement was written?

**ANSWER:**

6. Do you admit that the note presented by the Plaintiff did give the date of treatment to include start and end dates of medical coverage?

**ANSWER:**

7. Do you admit that the note presented by the Plaintiff included a return to work date?

**ANSWER:**

8. Do you admit that the note presented by the Plaintiff give confirmation that the from 23 FEB05 thru 9 MAR 05 employee was to resume a no work status by his attending physician?

**ANSWER:**

9. Do you admit that the note presented by the Plaintiff give confirmation that the from 9 MAR 05 thru 6 APR 05 employee was to continue a no work status by his attending physician?

**ANSWER:**

10. Do you admit that the note presented by the Plaintiff give confirmation that the from 9 MAR 05 thru 6 APR 05 employee was to continue a no work status by his attending physician?

**ANSWER:**

11. Do you admit that the note presented by the Plaintiff give confirmation that the from 6 APR 05 thru 11 MAY 05 employee was to continue a no work status by his attending physician?

**ANSWER:**

12. Do you admit that the note presented by the Plaintiff give confirmation that the from 4 MAY 05 thru 15 JUN 05 employee was to continue a no work status by his attending physician?

**ANSWER:**

13. Do you admit that the note presented by the Plaintiff does display the proper Diagnosis Code for the absences.

**ANSWER:**

14. Do you admit that the note presented by the Plaintiff contain the signature of the attending physician as required by the Hunan Resources

Department issued notice dated 1MAR 05?

**ANSWER:**

15. Do you admit that the note presented by the Plaintiff was not a Rubber Stamp?

**ANSWER:**

16. Do you admit that the note presented by the plaintiff does display the Physician's address and telephone number?

**ANSWER:**

17. Do you admit that the note presented by the Plaintiff was not a fax nor copies of facsimile material?

**ANSWER:**

18. Do you admit that the reinstatement requirements offered the Plaintiff by the Defendant were altered by Human Resource personnel?

**ANSWER:**

19. Do you admit that there is no prior record of issue with the Plaintiff's use of copies of the original attending physician note?

**ANSWER:**

20. Do you admit that there was no investigation conducted to validate the authenticity of the physician notes presented by the Plaintiff?

**ANSWER:**

21. Do you admit that the Plaintiff was not given an opportunity to return to the plant within 24hours to correct any perceived deficiencies within the physician note presented, by human resources personnel?

**ANSWER:**

22. Do you admit that the Plaintiff was mailed a letter dated 13 MAY 05 informing him that his seniority had been terminated on 13 MAY 05 for a failure to return to the Plant by the personnel department?

**ANSWER:**

23. Do you admit that the next working day from 13 MAY 05 Plaintiff was to return to the plant is 16 MAR 05?

**ANSWER:**

24. Do you admit that the Plaintiff was accused of forging the physician's note that he provided to human resource personnel?

**ANSWER:**

25. Do you admit that the copy of attending physician treatment received notes contain the corresponding absentee call out number beginning the day of treatment?

**ANSWER:**

26. Do you admit that there were are no provisions present in the Newark Assembly Plant Information Notice; dated 1 MAR 05 addressing the use of copied original notes, at the time of presentation of the copy of the original attending physician treatment notes by the Plaintiff?

**ANSWER:**

27. Do you admit that the Plaintiff was terminated?

**ANSWER:**

28. Do you admit that a letter dated 3 APR 06 was written by the UAW Local 1183, to the Plaintiff?

**ANSWER:**

29. Do you admit that within the letter sent by the union to the Plaintiff does not state that the Plaintiff's employment with the Defendant

was reinstated?

**ANSWER:**

by /s/ David A Smiley

David A Smiley, *pro se*
814 Village Circle B
Newark, DE 19713
(Residence) (302) 444-4872
(Cellular)(302) 345-3395
(Email) Dasmyle2@aol.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID A. SMILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 1:07-005-SLR |
| v. | ) |
| | ) |
| DIAMLER CHRYSLER, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant, | ) |
| | ) |

### CERTIFICATE OF SERVICE

I hereby certify this 31st day of March 2008, that two (2) true and correct copies of the foregoing **Plaintiff DAVID A. SMILEY'S REQUEST FOR ADMISSION FOR DEFENDANT DAN MIKALINKO,** was served by U.S. First Class Mail, postage prepaid, to the following address:

Jennifer Wasson (No. 4933)
Hercules Plaza - Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6165 (Telephone)
(302) 658-1192 (Facsimile)
Jwasson@potteranderson.com (Email)

David A. Smiley, *pro se*
814 Village Circle B
Newark, DE 19713
(302) 444-4872 (Residence)
(302) 345-3395 (Cellular)
Dasmyle2@aol.com (Email)