ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID A. SMILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 1:07-005-SLR |
| v. | ) | |
| | ) | |
| DIAMLER CHRYSLER, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant, | ) | |
| | ) | |

## PLAINTIFF DAVID SMILEY'S BRIEF ANSWER TO DEFENDANT'S OPENING BRIEF

David A. Smiley, Pro se
814 B Village Circle
Newark, DE 19713
(302) 444-4872
(302) 981- 9421

Dated: May 28, 2008



## TABLE OF CONTENTS

STATEMENT AS TO THE NATURE AND STAGE OF THE PROCEEDING…………………………….................………………...2

SUMMARY OF ARGUMENT……………………………….................2

STATEMENT OF FACTS……………………………….........................2

ARGUMENT……………………………….................................................7

    **A.**      **SUMMARY JUDGMENT STANDARD**…………………7

**B.CHRYSLER IS ENTITLED TO SUMMARY JUDGMENT ON**

**PLAINTIFF'S ADA CLAIMS**……………………………….................7

**1.** Plaintiff does not have an ADA-Qualifying Disability………….…..7

**2.** Plaintiff has no claim for Failure to Accommodate………………….10

**3.** Plaintiff's Termination does not Constitute Discrimination………….11

**C.**    **CONCLUSION**……………………………….................................11

CONCLUSION……………………………….........................................23

i

## TABLE OF AUTHORITIES

1). <u>Bragdon v. Abbott</u>, 524 U.S. 624 (1999) ………………………..pg. 8

2). <u>Hall v. Claussen,</u> D.C. No. 96-WY-1724 - WD (D. Colo.)…….. pg. 11

3).  <u>Smiley v. Chrysler,</u> IAB Hearing No. 1253826 (May 30, 2007)..pg. 9

4). <u>Sutton v. United Airlines,</u> 130 F.3d 893 (1999)…………………pg. 7

5). <u>Taylor v.Phoenixville School Dist.,</u> 184 F.3d 296 (1999)…..….. pg. 15

6). <u>Toyota Motor Mfg. Kentucky, Inc.,</u> 534 U.S. 184 (2002)……….pg. 8

### STATUTES

42 U.S.C. § 12101…..…………………………...................................... 1

42 U.S.C § 2000e..…………………………….......................................1

Fed. R. Civ. P. 56 [c]…………………………….….….…………............6

ii

## NATURE OF THE PROCEEDING:

The Plaintiff David A. Smiley on 2 AUG 05, filed an action with the Equal Opportunity Commission and Delaware Department of Labor alleging the Defendant Chrysler, LLC., in violation 42 U.S.C § 12101et seq. of the Americans with Disabilities Act for wrongful termination of employment and failure to accommodate; Plaintiff was issued a federal right to sue letter by the EEOC . (A287.)

On 4 JAN 07, Plaintiff filed a in forma pauperis action for violations of Title VII of the 1964 Civil Rights Act and 42 U.S.C. § 2000e et seq. (D.I. 2; 4.) The Court granted the Plaintiff's motion to amend his complaint seeking to enjoin Sabo, MD. Moreover, Tickelpaugh, MD. In addition, Human Resources generalist Dawn Ford and UAW Local 1183. The court denied the motion to enjoin Sabo, Ticklepaugh, and Ford jointly and severely (D.I. 19, 26, 27.); but allowed an action to proceed against the UAW Local 1183.

The Plaintiff received discovery items from the defendant, although the Defendant did not allow for admissions depositions to be taken by

i

Human Resource employees Dawn Ford and Dan Mikalenko, however, the Plaintiff submitted to depositions on 9 APR 08 and by mutual agreement finishing on 15 APR 08. The Affidavit of Dawn Ford was taken 13 MAY 08 (A243.) The Defendant now moves for summary judgment of all of Plaintiff's claims against them. The following is <u>Pro</u> <u>se</u> Plaintiff David A. Smiley's Brief Answer in response to Defendant's motion.

## SUMMARY OF ARGUMENT:

The Defendant and it's agents did discriminate against the Plaintiff David A. Smiley.

## STATEMENT OF FACTS:

The Plaintiff began his employment with Chrysler as an assembler on 6 APR 89. Plaintiff's assignment was to the Newark Assembly Plant Body Shop as a Technician 1 Door Fitter on the first shift. Door fitter's responsibilities are to ensure the vehicle doors and the attaching bolts have been installed in accordance to safety specifications such as torque, function and alignment. In September of 2003, Plaintiff sustained an injury to his right elbow while performing tasks associated with the job operation.

Plaintiff was initially diagnosed with lateral epicondylitis and began 3

AUG 04, a treatment regiment which included physical therapy sessions twice weekly as prescribed by his treating physician Peter Bandera. Plaintiff attended therapy twice weekly and continued to work at his assignment until 1 NOV 04, when after no improvement to his condition he was placed on a medical leave of absence. (Pl. dep. A265.) The Plaintiff received weekly disability benefit payments in the amount of $361.27 while out on leave.

The PQX placement Committee consists of members from plant management, plant safety, medical and the union, convened to assess the Plaintiff's ability to return to work. In September 2004, Plaintiff was sent for an independent medical examination from Defendant's physician Dr. Meyers. (A266.) Dr. Sabo who opinioned in P of his RTWR: notes of 10 NOV 04, "... EE is planning on attending law school in the near future, Dr. Bandera does keep him totally disabled."; he also examined Plaintiff and agreed with Dr. Meyers conclusion that Plaintiff was able to perform job functions with restrictions. (Chrysler Medical Notes, A259.) The committee concluded that the Plaintiff would be capable to performing the left front fender install operation, and on 7 FEB 05, notified the Plaintiff that he was to reinstate and report to the Left Side Fender Install operation on second shift, with which the Plaintiff complied. The operation consists of utilizing a

device known as a "Yankee", in an up and down "plunging" type motion to attach the fender bolts to the vehicle frame work of each unit as it passes on an assembly line. A follow-up examination by the Defendant's medical department was performed 14 FEB 05, were it was concluded that the Plaintiff's lifting requirement remained in place, no restrictions were placed specifically, upon repetitive motions of his right elbow, which is one of the major symptoms which exasperates the Plaintiff's condition nor the use of his wrist.(A259.) While performing his PQX assignment the Plaintiff reported to the plant medical department due to swelling of his right elbow attributed to the performance of the left fender install operation. The Plaintiff was seen by his treating physician for the condition of his elbow and was placed on medical leave 18 FEB 05.

Plaintiff received a notice dated 6 MAY 05, from the Defendant stating that he report to the plant personnel office no later than 13 MAY 05 to substantiate his medically related absences, there is no mention of the defendant must surrender his original physician notes. In response to the correspondence received, Plaintiff David Smiley arrived to the plant at or around 09:15 a.m. the morning of 13 MAY 05, and submitted a photo static copy of the original notes provided by his treating physician to substantiate

all treatment dates in question. . (See: D.I._, Ex. E.)

After reviewing the documentation presented by the plaintiff, it was discovered that the physician did not include the proper DX code on his notes, Dawn Ford presented a reinstatement requirement form, which had been altered to reflect a substantiation form for endorsement by the Plaintiff, of which he refused. (See: D.I._, Ex. O.) Plaintiff then left the facility to obtain the necessary code, which reflected the nature of treatment. (See: D.I._, Ex. G.) When he arrived to his doctor's office, his physician was not present but the proper DX code was obtained through an employee of the doctors' office, which was written upon another copy of the original physician notes presented by the plaintiff. (D.I._, Ex. H.)     The Plaintiff returned to the plant at or around 11:30 a.m. with a copy of the original notes provided by his physician now affixed with the proper DX code, and forwarded this information by way of another employee Angelina Fleming, to Human resources employee Dawn Ford. That same day Defendant's employee Dawn Ford generated a memo to Dan Mikialinko in the plants Human Resources Department; informing him that the Plaintiff was terminated as of 13 MAY 05 and she did not give David Smiley an additional 24 hours, "…because he was trying to take advantage". (D.I. _,

Ex. P.) In her Affidavit Dawn Ford admits that the copy presented by the Plaintiff, were of the "original" physician notes (Dawn Ford Affidavit ¶ 9, at A245.)

On 16 MAY 05 the plaintiff was informed by a member of the human resource department at Chrysler to contact, his shop steward because his employment was terminated on 13 MAY 05. (See: D.I._, Ex.)Plaintiff then requested that grievance be filed against the Defendant on his behalf.

It was later learned that an accusation of forgery of the physician notes presented by the Plaintiff was made by the Defendant's employee Dawn Ford to H.R. personnel and the Plaintiff's Union Shop Steward.

Because the Plaintiff received no reply after numerous calls and messages left for UAW representatives in regards to if or when a grievance was filed or of its status, the Plaintiff subsequently filed a petition with the E.E.O.C. on 2 AUG 05, charging the Defendant with discrimination. During its investigation the EEOC sent a questionnaire to John Rutherford, in which states to have no knowledge of Mr. Smiley's situation, however, does not direct them to interview the second shift union steward John Mahavlichek with regards to the incident. (D.I._, Ex. N.) The E.E.O.C. issued a finding of no cause and presented a right to sue letter; Plaintiff then

appealed this decision with the Philadelphia District E.E.O.C., which again found no cause but issued a right to sue letter.

## ARGUMENT:

### I. SUMMARY JUDGMENT STANDARD

Summary Judgment is appropriate when the pleadings, depositions, and other discovery demonstrates that there exists no issue of material fact. Fed. R. Civ. P. 56 [c].

### II. CHRYSLER IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S ADA CLAIMS

The Defendants Chrysler, LLC., nor UAW Local 1183 are entitled to Summary Judgment on the Plaintiff's ADA claims for the reasons set forth below.

### A.   Plaintiff Does Not Have An ADA-Qualifying Disability.

A qualified individual with a disability is identified as "an individual [who] with or without reasonable accommodation, can perform the essential functions of the employment position that such person holds or desires. Sutton v. United Airlines, 130F.3d 893 (1999).

To fall within this category one must have an actual disability, (a) have a record of a disability, (b) or be regarded as having one Id.

The Plaintiff in the instant case does in fact have a recorded disability for which he has treated from Sept. 04 to the present. He has been on medical leave from his former employer and regarded as totally disabled by his treating physician. He satisfies both the additional requirements as evidenced by the record.

To qualify as disabled under section [A] of the ADA's definition of disability a claimant must prove that he or she has a physical or mental impairment. Toyota Motor Mfg. Kentucky Inc. v. Williams, 534 U.S. 184 (2002) quoting Bragdon v. Abbott, 524 U.S. 624 (1998).

The Statute defines disability as:

(A)    A physical or mental impairment that substantially limits one or more of the major life's activities of such individual

(B)    A record of such impairment; or

(C.)    Being regarded as having such impairment Id.

"Substantially limits" means unable to perform a major life activity that the average person in the general population can perform or significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the

8

general population can perform that same major life activity 29 C.F.R §
1630.; *Ristrom v. Abestos Workers Local 34 Joint App. Ct.,* 370 F. 3d 763
(8th Cir 2004)

The Plaintiff in his present condition satisfies this requirement
because he is restricted in his ability to perform a "class" of job.

It is reflected in the record that the Plaintiff does possess a Paralegal
degree, he would, however, be considered an entry-level employee due to
his lack of exposure. He has been briefly employed in the position of
supervisor, when the work site was prematurely closed after two months of
operation. The Plaintiff did not return the following tax season. The Plaintiff
cannot perform his class of job of 16 years, without the aid of restrictions in
any manufacturing capacity; specifically in a U.A.W. assembly class of job.

At a workers compensation hearing held 30 May 07, the Plaintiff
prevailed and on 14 Nov 07, it was ordered that the Plaintiff be granted the
right to pursue a surgical procedure to repair tendon and ulner nerve
damage. Smiley v. Chrysler, IAB Hearing No. 1253826 (May 30, 2007)

The Plaintiff is a right-handed person and though he attempts to
compensate with his left hand. It is recorded in his medical history; both
pre and post termination of the degradation of the performance level of his

9

right arm after his injury and less ability to perform the same major life activities of an average person in regards to the manner, duration and condition in general.

Therefore, the Plaintiff does in fact meet the requirement of an ADA qualified disability; and as such, the Defendants' motion for Summary Judgment fails.

**B.     Plaintiff Has No Claim For Failure To Accommodate.**

The Plaintiff Smiley at the advice of his doctor was taken out of work while performing an accommodating operation. Plaintiff was placed on left front fender install by the Defendants PQX Committee; which consists of members from the union, medical department and plant management. (Sealed Affidavit of Steve Hissman, ¶ 3 at 2.)

The Plaintiff is a right-handed person; the operation consisted of retrieving a left front fender from a conveyor. The vehicle approaches from the right side (left front) the operator then lifts the fender and places the fender to the vehicle. He then utilizes a tool called a "Yankee" to affix the fender by way of a plunging motion.

The Plaintiff, just days prior was examined by the medical department which allowed his PQX to exclude this type of motion after he had

performed the job.

The Defendants asked for no input from the Plaintiff and knowingly placed an undue hardship upon the Plaintiff when he performed his assigned PQX job. In addition, the Defendant failed to make a "good faith" attempt at an "accommodation." *Hall v. Claussen*, D.C. No. 96-WY-1724-WD) (D.Colo.) He was not queried as to the placement by the union, medical department; he received little to no training on the operation.

## C.    **Plaintiff's    Termination    Does    Not    Constitute    Disability Discrimination.**

The requirements to establish proof of a prima facie case of discrimination are (1) the plaintiff is a member of a protected class; (2) he is qualified for the position; (3) the plaintiff suffered an adverse employment action; (4) the circumstances give rise to an inference of discrimination.

In the instant case, the Plaintiff David Smiley is an African American male Technician 1 Body Shop Fitter employed with the Defendant for sixteen years, until his termination. David Smiley was a Tech 1 for a period of six years; his job was the right side door fitter, he was qualified as a pool person, which is the ability to perform all of the operations on his team; in

11

April of 2004, the Plaintiff received the Daimler Chrysler Vice President's Award. The Plaintiff in this case did suffer an adverse employment action because on 13 MAY 05 his employment was terminated by the Defendant.

The Plaintiff David Smiley did fulfill the seven requirements for substantiation of medically related absences as set forth by the Newark Assembly Plant Information Notice; dated 1 MAR 05 issued by H.R. Manager V. Stout are:

1). The date the statement was written.

2). Date of treatment to include start and end dates of medical coverage.

3). A return to work date.

4). Confirmation that the employee was totally disabled, totally incapacitated, or unable to work.

5). The diagnosis code for the absence (DX code).

6). The attending physician must sign the statement, no rubber stamps permitted.

7). The statement must contain the physician's address and phone number. (See: D.I. _, Ex. F.)

The notice produced by the Defendant's Human Resources department, does not state that an employee must provide his original

physician's note; although the Defendant has accepted photo static copies of Mr. Smiley's physicians notes in the past. However, by Affidavit the Defendant states that photographic copies and faxes are not acceptable because of the possibility of fraud and or alteration of notes. "…We [can] verify that the information submitted by the employee is true and accurate." (Sealed Affidavit of Dawn Ford, ¶ 6.) There is no record of any attempt of verification of the Plaintiff submitted document, unlike the copy of the Plaintiff note filed by the Defendant (Dep. Ex. 12); the documents presented by the Plaintiff clearly reflected all the requirement of the H.R. directive. (EEOC Complaint, D.I._, Ex. F and G.) The Defendant has an unwritten policy regarding disabled mid level seniority union members.

The Plaintiff David Smiley has satisfied all of the requirements to find that he was discriminated against by the Defendant Chrysler. Because on APR 05, Plaintiff Smiley at the advice of his doctor was taken out of work while performing an accommodating operation; he responded to a notice sent by certified mail notifying him that he had missed a 2 MAY 05 appointment with the plant medical department, additionally, he had to substantiate all absences and respond no later than 13 MAY 05 or his seniority would be forfeited. The Defendant admits to sending the

correspondence (Sealed Affidavit of Dawn Ford. ¶ 7 at 3.) Defendant's
employee admits that the Plaintiff's presented document was a copy of his
original physician issued notes. (Ford ¶ 9 at 3.) The Defendant intentionally
issued the incorrect form to Plaintiff because, "I did not have any other
forms handy." (Sealed Aff. of Ford at A246, ¶ 10.) It should be mentioned
that in Dawn Fords memo to Dan  Mikalinko neither (1). the reinstatement
form substitution, (2). use of a improper form, (3) document verification
result or (4). the notice provided as to the Plaintiff's inability to return due
to his child's early dismissal is addressed.  Subsequently, a new notice of
early dismissal for the date of 13 MAY 05 was provided by the Richardson
Park Learning Center. (Ex. R.) The Plaintiff was then terminated on 13
MAY 05.

## CONCLUSION:

42 U.S.C. § 12101 et seq. requires a company to "reasonably
accommodate the known physical limitations of an employee who is
"otherwise qualified" unless the company demonstrates the providing
accommodation will impose a undue hardship on its business operations."

An "otherwise qualified individual" is one that can perform the
"essential functions" with or without a reasonable accommodation of the

relevant position.

The record reveals that the Plaintiff David Smiley has a disability which is known to the Defendant. He then requested an accommodation in abstention by performing the left front fender operation with his left hand (Pl. dep at A74-76). The Defendants did not make a good faith effort to assist the Plaintiff in seeking an accommodation. The PQX committee knowingly exposed the Plaintiff to further injury by its recommendation of the left front fender install job. The Plaintiff could have been reasonably accommodated "but for" the Defendants lack of good faith.

Finally, the Defendants' breached its duty to engage in interactive process, with no input from either Chrysler, LLC or the UAW Local 1183 because they did not commence the process as soon as it was made abreast of the Plaintiff's disability and the placement in a position, which aggravated his medical condition.

The Defendant did not engage the Plaintiff in an informal interactive process of good faith with its failure to communicate with the Plaintiff as established in Taylor v. Phoenixville School Dist., 184 F.3d 296 (1999). By its failure to request information about the Plaintiff's condition and limitations and checking those limitations against the job's description and

use of a tool, which is not, an essential job function.

The Plaintiff contends that the Defendant's Motion for Summary Judgment as to all of the claims of the Plaintiff, should fail because issues of material fact do exist.

Respectfully Submitted,

By: David A. Smiley

Pro se

814 B Village Circle
Newark, DE 19713
(302) 444-4872
Dasmyle2@aol.com



**RED CLAY CONSOLIDATED
SCHOOL DISTRICT**

Robert J. Andrzejewski, Ed.D.
*Chief Executive Officer*

**Administrative Offices
2916 Duncan Road
Wilmington, DE  19808**


**Richardson Park
Learning Center**
**99 Middleboro Rd.
Wilmington, DE  19804**

**(302) 992-5574
Fax (302) 995-5125**

**Ed Norris**
*Principal*

February 9, 2006

To Whom it may Concern:

   This is to confirm that the Richardson Park Learning

Center had an early dismissal on May 13th, 2005.  We dismissed

students at 1:05.

Sincerely,

Ed Norris
Principal

EN:lgb

The Red Clay Consolidated School District does not discriminate on the basis of race, color, national origin, religion, sex, age, or disability in its programs,
activities or employment practices as required by Title VI, Title IX and Section 504. The district coordinator of compliance is:
Administrator of Human Resources Development, RCCSD, 2916 Duncan Rd, Wilmington, DE  19808 (302) 683-6662

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

DAVID A. SMILEY,                     )
                                     )
              Plaintiff,             )
                                     )    C.A. No. 1:07-005-SLR
       V.                            )
                                     )
DIAMLER CHRYSLER,                    )    JURY TRIAL DEMANDED
                                     )
              Defendant,             )
                                     )

## CERTIFICATE OF SERVICE

I hereby certify this 29th day of MAY 2008, that a true and correct copy of the foregoing **PLAINTIFF  DAVID A. SMILEY'S TO ANSWER DEFENDANT'S OPENING BRIEF,** was served by U.S. First Class Mail, postage prepaid, to the following addresses:

Jennifer Wasson (No. 4933)
Hercules Plaza - Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6165 (Telephone)
(302) 658-1192 (Facsimile)
Jwasson@potteranderson.com (Email)

Joseph J. Rhodes
1225 King Street Ste. 1200
Wilmington, DE 19899-0874
(302) 427-9500 Telephone
(302) 427-9509 Fax

David A. Smiley, *pro se*
814 Village Circle B
Newark, DE  19713


(302) 444-4872 (Residence)
(302) 345-3395 (Cellular)
Dasmyle2@aol.com (Email)