THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID A. SMILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 1:07-005-SLR |
| v. | ) |
| | ) |
| DAIMLER CHRYSLER, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT CHRYSLER LLC'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S OPENING BRIEF

Jennifer Gimler Brady (#2874)
Jennifer Wasson (#4933)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 - Facsimile
jbrady@potteranderson.com
jwasson@potteranderson.com

*Attorneys for Defendant Chrysler LLC*

Dated: June 2, 2008
866061 / 31959

# **TABLE OF CONTENTS**

**Page**

NATURE AND STAGE OF PROCEEDINGS ..................................................................1

SUMMARY OF ARGUMENT ........................................................................................1

STATEMENT OF FACTS ...............................................................................................2

ARGUMENT....................................................................................................................3

I.   The Arguments in Plaintiff's Brief Do Not Relate to His Claims Against Chrysler...........3

II.  Plaintiff's Brief Does Nothing to Advance His ADA Claims .............................5

    A.   Plaintiff Was Not Terminated For Forgery................................................6

    B.   Plaintiff's Allegations Regarding Photocopied Submissions Are Not Credible .....6

    C.   Plaintiff's Reference to Lost Compensation For Time and/or Travel Is Not Relevant to This Case ...............9

    D.   Plaintiff's Other Allegations Are Addressed in Chrysler's Opening Brief ............10

CONCLUSION................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

                                                                              **Pages**

*Cella v. Villanova Univ.*,
  113 Fed. Appx. 454 (3d Cir. 2004) .................................................................. 5

*Moon v. Delaware River & Bay Auth.*,
  2006 WL 462551 (D. Del. Feb. 24, 2006) ....................................................... 4

*Wright v. Pepsi Cola Co.*,
  243 F. Supp. 2d 117 (D. Del. 2003) ................................................................. 4

*Yatzus v. Appoquinimink Sch. Dist.*,
  458 F. Supp. 2d 235 (D. Del. 2006) ................................................................. 5

**STATUTES**

42 U.S.C. § 1981 ....................................................................................................... 3

42 U.S.C. § 12101 ..................................................................................................... 1

## NATURE AND STAGE OF PROCEEDINGS

Chrysler LLC ("Chrysler") respectfully refers the Court to its statement of the Nature and Stage of the Proceedings set forth in its Opening Brief in Support of its Motion for Summary Judgment, which details the procedural history of this dispute. (D.I. 46.) As a supplement to that statement, Chrysler notes that Plaintiff filed an "Opening Brief" on May 15, 2008. Plaintiff's Opening Brief does not seek any specific relief under the Federal Rules, nor is it accompanied by a motion. (D.I. 44.) Chrysler assumes Plaintiff intended to file a motion for summary judgment and that his Opening Brief is submitted in support thereof.[1] This is Chrysler's Response Brief in Opposition to Plaintiff's Opening Brief and motion for summary judgment.

## SUMMARY OF ARGUMENT

I.   Plaintiff's motion for summary judgment should be denied. Plaintiff's Opening Brief does not address his claims for disability discrimination under the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), which are the only claims he alleges against Chrysler in his Charge of Discrimination and his Complaint. Plaintiff's discussion of other causes of action is not relevant to the instant litigation and does not advance the claims that are at issue.

II.  Moreover, to the extent the facts and arguments in Plaintiff's Opening Brief relate to his claims against Chrysler, they do not show that summary judgment should be granted in his favor, nor do they warrant a denial of Chrysler's motion for summary judgment. On the contrary, Plaintiff's arguments demonstrate that he cannot state valid claims for discrimination under the ADA, and his Complaint against Chrysler should be dismissed.

---

[1] In fact, the Court has docketed Plaintiffs' filing as a Combined Motion for Summary Judgment and Opening Brief in Support of Motion for Summary Judgment. (D.I. 44.)

## STATEMENT OF FACTS

A full statement of the facts relevant to Plaintiff's lawsuit is set forth in Chrysler's Opening Brief in Support of its Motion for Summary Judgment, which is incorporated by reference herein. Chrysler further notes, however, that the recitation of facts set forth in Plaintiff's Opening Brief is largely consistent with the facts as stated in Chrysler's Opening Brief. (D.I. 44; D.I. 46.) For example, there is no dispute that:

-- Plaintiff worked for Chrysler as a Tech 1 door fitter in the Body Shop before and during the time of his elbow injury (Pl. Br. at 1; Chrysler Br. at 4);

-- Plaintiff sustained an injury to his right elbow on the job that resulted in a diagnosis of epicondylitis (Pl. Br. at 1; Chrysler Br. at 4);

-- the PQX Placement Committee assigned Plaintiff to an accommodated placement as a Left Fender Installer, during which he operated a tool called a Yankee using a plunging motion (Pl. Br. at 2, 20; Chrysler Br. at 6);

-- Plaintiff's physician recommended that he not return to work after performing the Left Fender Install job for a brief period (Pl. Br. at 2; Chrysler Br. at 7);

-- Plaintiff received a certified letter from Chrysler regarding a medical appointment he missed in early May 2005 and requesting that he report to the Plant by May 13, 2005 to substantiate his medical leave of absence (Pl. Br. at 2; 10; Chrysler Br. at 7);

-- Plaintiff reported to the plant on May 13, 2005 and submitted photocopied doctor's notes to substantiate his medical status (Pl. Br. at 2; Chrysler Br. at 8);

-- Dawn Ford, who worked in the Personnel Department, told Plaintiff that his doctor's notes did not include the proper DX (diagnostic) code, and she modified a reinstatement form to "reflect a substantiation form" (Pl. Br. at 3; Chrysler Br. at 8-9);

-- Ms. Ford presented Plaintiff with the form, but Plaintiff refused to sign or accept the form (Pl. Br. at 3; Chrysler Br. at 9);

-- Plaintiff returned to his doctor's office, asked an employee of the doctor's office to write the DX code on the copies of his notes, and returned to the plant with *a copy of the photocopies* he originally submitted that morning (Pl. Br. at 3; Chrysler Br. at 9-10);

-- Plaintiff gave the photocopy of a photocopy to Ms. Fleming in the Human Resources Department, so that she could forward it to Ms. Ford (Pl. Br. at 3; Chrysler Br. at 10);

-- Plaintiff was terminated later that day, and Ms. Ford wrote a memo to the Labor Relations Department regarding his termination (Pl. Br. at 3; Chrysler Br. at 10; A281);[2]

-- Plaintiff filed a grievance and subsequently filed a Charge of Discrimination (Pl. Br. at 4; Chrysler Br. at 1, 10).

These points of agreement between Plaintiff's brief and Chrysler's brief demonstrate that there is no genuine issue of material fact implicated in this dispute. Moreover, to the extent Plaintiff's brief contains facts that differ from or are in addition to those set forth by Chrysler, such facts are not sufficient to defeat summary judgment in favor of Chrysler, as discussed below.

**ARGUMENT**

I. **The Arguments in Plaintiff's Brief Do Not Relate to His Claims Against Chrysler.**

In his brief, Plaintiff references various legal theories and causes of action. He contends that he has met all the elements necessary to demonstrate a *prima facie* case of discrimination under Title VII (Pl. Br. 5-11), that he has been the victim of an unfair labor practice by a labor organization (Pl. Br. at 11-13), that he has an equal protection claim under a veil-piercing theory (Pl. Br. at 13), that he has a claim for breach of the covenant of good faith and fair dealing (Pl. Br. at 16-18), and that he has met the elements of a claim for retaliation under 42 U.S.C. § 1981 (Pl. Br. at 17-21). Plaintiff's discussion of these claims is irrelevant, however, because they are not at issue in this litigation. These claims were not alleged in Plaintiff's Charge of Discrimination, and he did not include them in his Complaint or his motion to amend the Complaint. (*See* Charge of Discrimination, A284; Pl.'s Motion to Amend, D.I. 17.) Plaintiff also never took any discovery related to these claims, and he did not mention them in his discovery responses or during his deposition. In fact, during his deposition, Plaintiff conceded

---

[2] Pertinent documentary evidence and Plaintiff's deposition testimony are included in Chrysler's Appendix to its Opening Brief in Support of its Motion for Summary Judgment (D.I. 47 (under seal) and D.I. 50 (public version)), referred to herein as ("A__").

3

that the only claims he asserts against Chrysler are his failure to accommodate and wrongful discharge claims under the ADA.[3]

More to the point, Plaintiff is precluded as a matter of law from bringing the claims he now attempts to raise against Chrysler. Plaintiff failed to exhaust his administrative remedies with regard to his Title VII claims, as these causes of action, or any facts relating thereto, were not alleged in his Charge of Discrimination.[4] *See, e.g., Moon v. Delaware River & Bay Auth.*, 2006 WL 462551, at *3 (D. Del. Feb. 24, 2006) (dismissing Title VII hostile work environment claim because there was not a "close nexus" between that claim and the facts alleged in the plaintiff's EEOC charge, and such claim would not be encompassed in a reasonable investigation of the charge). Plaintiff also has never alleged a Section 1981 claim against Chrysler, and he has put forth no facts to support such a claim. Likewise, Plaintiff's unfair labor practice allegations pertain to a labor organization, and more specifically, to the alleged discrimination suffered by Plaintiff as a member of the United Auto Workers Local 1183. Plaintiff has no factual or legal basis for this claim as applied to Chrysler. Plaintiff also has alleged no state action sufficient to state a claim against Chrysler under the Equal Protection clause of the United States Constitution. *See Wright v. Pepsi Cola Co.*, 243 F. Supp. 2d 117, 120 (D. Del. 2003) (dismissing plaintiff's equal protection claim because defendant's status as a private entity barred

---

[3]  Q: [T]he claims in the case right now against Chrysler are your two ADA claims, they're the failure to accommodate and . . . the wrongful term[ination claims].
  A: Yes.
  Q: That's what this complaint is getting at?
  A: Yes.
  * * * *
  Q: For purposes of Chrysler, we're dealing with the ADA?
  A: Yes, ma'am.
(Pl. Dep. at A231-232.)

[4] The Court already has denied Plaintiff's request to add a racially hostile work environment claim under Title VII to his Complaint against Chrysler. (Memorandum Opinion, D.I. 26 at 11-12.)

4

such claim). Finally, Plaintiff has never indicated that he intended to include a claim for breach of the covenant of good faith and fair dealing in this litigation. He did not attempt to amend his Complaint to state such a claim, he did not mention the claim in any of his discovery responses, and his Opening Brief is silent as to a purported basis for such a claim. Moreover, even if Plaintiff were permitted to join this claim in his Complaint against Chrysler, his allegations do not fall within any of the exclusive categories under which such a claim is permitted under Delaware law.[5] In summary, to the extent that the arguments and legal theories proffered by Plaintiff do not relate to his claims for failure to accommodate and/or wrongful termination under the ADA, they should be disregarded.

## II.   Plaintiff's Brief Does Nothing to Advance His ADA Claims.

To support his discrimination claims, Plaintiff argues that he is a member of a protected class, he was qualified for his job at Chrysler, he was subject to an adverse employment action, and the circumstances surrounding his adverse employment action give rise to an inference of discrimination. (Pl. Br. at 5-11; 14-17; 20.) Plaintiff's *prima facie* case under the ADA fails at the outset, however, because he cannot demonstrate that he is disabled. Plaintiff has put forth no facts showing that his elbow injury renders him substantially limited in any major life activities, including working. *See, e.g., Cella v. Villanova Univ.*, 113 Fed. Appx. 454, 455 (3d Cir. 2004) (finding that plaintiff diagnosed with lateral epicondylitis was not disabled under the ADA

---

[5] To state a claim for breach of the covenant of good faith and fair dealing, a plaintiff must show that his allegations fall into one of four exclusive categories under Delaware law: that his termination violated public policy; that the employer misrepresented an important fact on which the employee relied to accept a new position or remain in a present one; that the employer used its superior bargaining power to deprive an employee of clearly identifiable compensation related to past service; or that the employer manipulated or falsified employment records to create fictitious grounds for termination. *Yatzus v. Appoquinimink Sch. Dist.*, 458 F. Supp. 2d 235, 248-49 (D. Del. 2006). None of these categories is implicated by the facts at issue in this litigation.

5

because he could still perform major life functions). Plaintiff's inability to show that he is a qualified individual with a disability is detailed at length in Chrysler's Opening Brief in Support of Its Motion for Summary Judgment. Chrysler respectfully refers the Court to its Opening Brief with regard to that issue and will focus the instant analysis on facts that Plaintiff has cited in attempting to raise an inference of discrimination against Chrysler.

### A. Plaintiff Was Not Terminated For Forgery.

In his Opening Brief, Plaintiff alleges that Dawn Ford made false accusations to Chrysler's Human Resources personnel about Plaintiff allegedly forging his doctor's notes. (Pl. Br. at 4.) Plaintiff apparently believes that these accusations were discriminatory and formed the basis for his termination from employment. (Pl. Dep. at A177-78.) The record facts show, however, that Plaintiff was discharged for failure to comply with Chrysler's substantiation policy, not for forgery or fraud. (Ford Aff., at A247 ¶13, Grievance Statement, A283; Ford Memo, A281.) In fact, during Plaintiff's deposition, he acknowledged that his termination was not based on allegations of forgery, but was administrative in nature. (Pl. Dep. at A186.) Thus, Plaintiff's belief that Ford discriminated against him by terminating him for forgery is simply that – his belief – and is not supported by the record evidence in this case.

### B. Plaintiff's Allegations Regarding Photocopied Submissions Are Not Credible.

Plaintiff also attempts to undermine Chrysler's legitimate non-discriminatory reason for his termination (*i.e.*, the submission of photocopied doctor's notes in violation of Chrysler's substantiation policy) by claiming that he previously submitted photocopies of medical documentation to Chrysler without objection prior to his May 13, 2005 encounter with Ford. (Pl.

6

Br. at 9; Pl. Dep. at 125 ("My originals are home, but I have always submitted these [photocopies.]").) Plaintiff's own medical file, however, belies this assertion – the file contains <u>original</u> doctor's notes that Plaintiff submitted during the 2000 to 2004 time period. (Second Affidavit of Steve Heitzmann, B2 at ¶3.)[6] Apart from his own conclusory assertions, Plaintiff has no proof demonstrating that he previously had been permitted to submit photocopies of doctor's notes under Chrysler's substantiation policy. Indeed, the evidence is to the contrary. Significantly, when asked during discovery to produce original doctor's notes in his possession from the relevant time period, Plaintiff could not (or would not) do so.[7] (B3.)

As a practical matter, it is also important to note that during his conversation with Ford on May 13, 2005, Plaintiff never expressed surprise or confusion about what he claims to be a change to the substantiation policy. Though he described his interaction with Ford multiple times during his deposition, at no time did Plaintiff testify that he questioned when or why the policy had been revised to require original documentation. It would be natural for Plaintiff to

---

[6] Pertinent documentary evidence is included in Chrysler's Appendix to its Response Brief in Opposition to Plaintiff's Opening Brief, referred to herein as ("B__"), and filed contemporaneously herewith.

[7] Plaintiff's inability to provide such notes for inspection is significant given the emphasis he placed on retaining his original documents during his deposition:
    Q: Why didn't you bring the original notes?
    A: Well, one, you kind of keep those because if you give up your originals, if something happens, there's never any proof that you did whatever you say you did...
    Q: Couldn't you ask for a copy from Chrysler, though? Couldn't you ask them to copy them for your records?
    A: Just my originals. It's kind of the way you're programmed, to keep your originals when you can. . . .
    * * *
    A: I gave her . . . . [a] photocopy of a photocopy that had her original DX code put on it that I photocopied to give to her.
    Q: Because you were keeping the original?
    A: Keep the original, yes.
(Pl. Dep. at A99-100; 121-122.)

raise this issue if he truly believed that the policy permitted photocopies or if he previously had submitted photocopied notes without objection. Rather, Plaintiff testified that he told Ford his view that photocopies were equivalent to originals because they reflected the contents of the original doctor's notes,[8] and without regard for the potential consequences, he made the unilateral decision that because he did not like Ford's "alteration" of Chrysler's standard reinstatement form, he was justified in refusing to follow her instructions to provide original doctor's notes. (Pl. Dep. at A102; 105-06; 110; 116-17.)  Given the record in this case, Plaintiff's contention that photocopies were acceptable under Chrysler's substantiation policy is simply not credible.

Even if Plaintiff previously had submitted photocopies to substantiate his absences, however (which Chrysler strenuously denies), this fact would not advance his disability discrimination claims. Plaintiff was terminated for his refusal to follow the substantiation policy as Ford explained it in May 2005. Ford, not Plaintiff, was the Human Resources Generalist responsible for enforcement of the substantiation policy, and Plaintiff was not entitled to substitute his interpretation of the policy for hers, regardless of his prior submissions. That Plaintiff disagreed with Ford about the requirements did not give him license to disregard her directives. Moreover, Plaintiff cannot show that Ford administered the policy in such a way as to

---

[8] Indeed, during his deposition, Plaintiff insisted on characterizing the doctor's notes he submitted to Chrysler as "originals," even though he conceded that these notes were in fact photocopies:
   Q: You knew that Dawn was expecting that you were going to bring in an original note?
   A: These are the original notes. You can look at the call-out numbers and tell these are the original notes. These are all different notes on different days.
   Q: But these are photocopies. They are not the original.
   A: These are photocopies of the original. (Pl. Dep. at A110-111.)

discriminate against him for any reason, much less on the basis of a disability.[9] On the contrary, Ford explained the requirements that Plaintiff needed to fulfill and gave him a second opportunity to provide the proper documentation. (Pl. Dep. at A170; Ford Aff., at A246 ¶11.) In short, Plaintiff's allegations regarding his past practice of submitting photocopied documentation are not supported by the evidence and do not raise an inference of disability discrimination.

    C.    <u>Plaintiff's Reference to Lost Compensation For Time and/or Travel Is Not Relevant to This Case.</u>

In the fact section of his brief, Plaintiff states that Chrysler did not compensate him for lost time or travel expenses associated with his physical therapy treatments. (Pl. Br. at 2.) Significantly: (1) Plaintiff's Complaint does not mention his physical therapy expenses in any way; (2) Plaintiff did not raise this issue during his deposition, though he was asked to disclose <u>all</u> factual bases for his discrimination claims (Pl. Dep. at A147-148, 173-174, 201-202); and (3) Plaintiff did not mention the issue in his discovery requests or responses. Even if he had timely raised this issue, however, it has no bearing on the instant dispute. The types of payments to which Plaintiff refers are administered through the worker's compensation system, not through the PQX Placement Committee or Chrysler's Human Resources Generalists. (Second Heitzmann Aff., B2 at ¶4.) To the extent that Plaintiff alleges he is owed additional compensation for expenses associated with his workplace injury, this issue should be resolved in the context of Plaintiff's claim for worker's compensation benefits and in the appropriate forum for adjudication of that claim. More to the point, Plaintiff has not even attempted to articulate a theory as to how the allegedly omitted worker's compensation-related payments reflect a discriminatory animus on the part of Chrysler. Plaintiff's passing reference to the administration

---

[9] In fact, at the time of Plaintiff's termination, Ford was not aware of Plaintiff's diagnosis and did not know the reason for his leave of absence. (Ford Aff., at A247 ¶15.)

of his worker's compensation claim in his Opening Brief does not in any way establish that Chrysler failed to accommodate him or terminated him based on a disability.

D.   Plaintiff's Other Allegations Are Addressed in Chrysler's Opening Brief.

Finally, Plaintiff's allegations with regard to the aggravation of his injury in his accommodated position (Pl. Br. at 20) and the denial of an additional 24 hour period to substantiate his absence (Pl. Br. at 3) are discussed extensively in Chrysler's Opening Brief in Support of Its Motion for Summary Judgment. Rather than restating those arguments here, Chrysler respectfully refers the Court to its Opening Brief for further discussion of these issues.

## CONCLUSION

Plaintiff wholly fails to demonstrate that he is entitled to judgment as a matter of law on his ADA claims (and/or any other purported claims) against Chrysler. Therefore, for the foregoing reasons, Plaintiff's motion for summary judgment should be denied.

POTTER ANDERSON & CORROON LLP

By: _____
Jennifer Gimler Brady (#2874)
Jennifer Wasson (#4933)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 - Facsimile
jbrady@potteranderson.com
jwasson@potteranderson.com

*Attorneys for Defendant Chrysler LLC*

Dated:  June 2, 2008
861948 / 31959v2

10

## CERTIFICATE OF SERVICE

I hereby certify this 2ND day of June, 2008, that a true and correct copy of the foregoing **DEFENDANT CHRYSLER LLC'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S OPENING BRIEF** was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) which will send notification of such filing that the document is available for viewing and downloading via CM/ECF to the following counsel of record:

> Joseph J. Rhoades , Esq.
> A. Dale Bowers, Esq.
> Stephen T. Morrow, Esq.
> Law Office of Joseph Rhoades, Esq.
> 1225 King Street, Suite 1200
> P.O. Box 874
> Wilmington, DE 19899-0874
> (302) 427-9500

And one (1) true and correct copy sent to the following in the manner indicated:

> **FIRST CLASS, U.S. MAIL, POSTAGE PREPAID**
> David A. Smiley, *pro se*
> 814 Village Circle, Apt. B
> Newark, DE 19713

Jennifer Wasson (No. 4933)
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6165 (Telephone)
(302) 658-1192 (Facsimile)
jwasson@potteranderson.com (Email)