## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DAVID A. SMILEY : 
 : 
          Plaintiff, :    C.A.No.: I:07-005-SLR 
 : 
   v. : 
 : 
UNITED AUTOMOBILE, : 
AGRICULTURAL AND AEROSPACE : 
IMPLEMENT WORKERS UNION, : 
UAW LOCAL 1183 : 
 : 
          Defendant : 

---

### DEFENDANT, UAW LOCAL 1183'S
### REPLY BRIEF IN SUPPORT OF ITS
### MOTION FOR SUMMARY JUDGMENT

---

**LAW OFFICES OF JOSEPH J. RHOADES**
By:    Joseph J. Rhoades, Esquire (ID No. 2064)
1225 King Street, 12th Floor
P.O. Box 874
Wilmington, DE   19801
(Telephone) 302-427-9500
(Facsimile) 302-427-9509
*Attorney for Defendant*

**Dated:**    **August 7, 2008**

*Of Counsel:*
*Cleary & Josem LLP*
*William T. Josem, Esquire (No. 32183)*
*Robert F. Henninger, Esquire (No. 69211)*
*1650 Market Street, 51st Floor*
*Philadelphia, PA   19103*
*(Telephone)   (215) 735-9099*
*(Facsimile)   (215) 640-3201*

## TABLE OF CONTENTS

PAGE(S)

TABLE OF AUTHORITIES ................................................ ii

I. INTRODUCTION ...................................................... 1

II. ARGUMENT

SUMMARY JUDGMENT IS APPROPRIATE AS THERE ARE
NO MATERIAL FACTS IN DISPUTE ................................. 1

III. CONCLUSION ....................................................... 3

CERTIFICATE OF SERVICE ............................................. 4

## <u>TABLE OF AUTHORITIES</u>

<u>PAGE(S)</u>

<u>Cases:</u>

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242, 249 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Belle v. Crawford, et al.,*
1994 U.S. Dist. LEXIS 4906, \*5 (E.D. Pa. April 8, 1994) . . . . . . . . . . . . . . . . . . . . . . . 2

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Smith v. Exxon Mobil Corp., et al.,*
2005 U.S. Dist. LEXIS 14965, \*\*25-26 (D.N.J. July 19, 2005) . . . . . . . . . . . . . . . . . . . 1


<u>Statutes:</u>

Federal Rules of Civil Procedure
Rule 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Rule 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## I.    INTRODUCTION

The Union filed its Motion for Summary Judgment with supporting Opening Brief and Appendix on July 15, 2008 (D.I. 61, 62, 63).    Pursuant to the Court's Scheduling Order, Mr. Smiley's Answering Brief was to be filed on July 31, 2008, and the Union's Reply Brief on August 7, 2008. (D.I. 59.) Mr. Smiley has not filed an answering Brief; thus, he has not even attempted to argue that there is any dispute as to any material facts in this case. Accordingly, the Union is entitled to judgment as a matter of law on all of Mr. Smiley's claims.

## II.    ARGUMENT

### SUMMARY JUDGMENT IS APPROPRIATE AS THERE ARE NO MATERIAL FACTS IN DISPUTE.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

Although it is not the Court's role "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial," *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986), "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248; *see also Smith v. Exxon Mobil Corp., et al.,* 2005 U.S. Dist. LEXIS 14965, **25-26 (D.N.J. July 19, 2005). And the non-moving party

1

"must offer specific facts contradicting the facts averred by the movant to establish that there is a genuine issue for trial." *Belle v. Crawford, et al.*, 1994 U.S. Dist. LEXIS 4906, *5 (E.D. Pa. April 8, 1994).

Mr. Smiley's *pro se* Complaint was not prepared in a numbered paragraph format and his allegations were spread throughout the Complaint. Those allegations included that the Union discriminated against him in violation of Title VII and under Delaware state law; that the Union breached its duty of fair representation; that the Union violated its obligation to Mr. Smiley by not pursuing his workplace grievance to arbitration, and other state tort violations.

In its Opening Brief in support of its Motion for Summary Judgment, the Union demonstrated that Mr. Smiley had failed to exhaust the administrative prerequisites by filing a Title VII charge of discrimination with either the EEOC or DDOL prior to filing his lawsuit against the Union and that the time to do so has long passed. (*See* Opening Brief at 5-10.) Since he has not filed an Answering Brief, Mr. Smiley has not shown the existence of any material facts which would indicate that he had, in fact, exhausted his administrative remedies or that the deadline for doing so had not expired.

In its Opening Brief the Union demonstrated that Mr. Smiley's allegations that the Union breached its duty of fair representation were untimely. (*See* Opening Brief at 10-16.) Again, because he has not filed an Answering Brief, Mr. Smiley has not presented any facts indicating that his fair representation claims were timely filed.

In its Opening Brief the Union demonstrated that Mr. Smiley had no right to have his workplace grievance heard by an arbitrator and that the Union did not breach its duty of fair representation when it did not submit his grievance to arbitration. (*See* Opening Brief at 17-18.) Once more, by not filing an Answering Brief, Mr. Smiley has not raised any facts that would indicate

2

that the Union breached its duty of fair representation by not submitting his workplace grievance to arbitration.

In its Opening Brief the Union demonstrated that it did in fact file and pursue Mr. Smiley's workplace grievance protesting his termination from Chrysler and actually obtained Mr. Smiley's reinstatement to employment, despite Mr. Smiley's allegations to the contrary. (*See* Opening Brief at 19-21.) Again, however, by not filing an Answering Brief Mr. Smiley has not challenged the Union's version of the events nor, more importantly, has he demonstrated any material facts which would enable him to survive summary judgment.

Finally, in its Opening Brief the Union demonstrated that Mr. Smiley's tort claims were preempted by well-settled federal law. (*See* Opening Brief at 22-24.) By not filing an Answering Brief, however, Mr. Smiley has presented no facts or arguments that the Union is not entitled to summary judgment on this issue, either.

## III.    CONCLUSION

For all of the foregoing reasons, the Union respectfully requests that Summary Judgment be entered in its favor and that all of Mr. Smiley's claims against it be dismissed with prejudice.

Respectfully submitted,

**LAW OFFICES OF JOSEPH J. RHOADES**

By:  /s/ JOSEPH J. RHOADES, ESQUIRE
Joseph J. Rhoades, Esquire (ID No. 2064)
*Attorney for Defendant*

**Dated:    August 7, 2008**

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID A. SMILEY | : |
| | : |
| Plaintiff, | :    C.A.No.: I:07-005-SLR |
| | : |
| v. | : |
| | : |
| UNITED AUTOMOBILE, | : |
| AGRICULTURAL AND AEROSPACE | : |
| IMPLEMENT WORKERS UNION, | : |
| UAW LOCAL 1183 | : |
| | : |
| Defendant | : |

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the within document to be served on the below listed persons on the date and in the manner listed below:

**UPS Overnight Mail:**        David A. Smiley, *pro se*
814 Village Circle - Apartment B
Newark, DE   19713

**Electronic Mail:**        Jennifer Gimler Brady, Esquire (I.D. No. 2874)
jbrady@potteranderson.com
Jennifer Wasson, Esquire (I.D. No. 4933)
jwasson@potteranderson.com
Potter, Anderson and Corroon, LLP
Hercules Plaza - 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE   19899-0951

### LAW OFFICES OF JOSEPH J. RHOADES

By:   /s/ JOSEPH J. RHOADES, ESQUIRE
Joseph J. Rhoades, Esquire (ID No. 2064)
*Attorney for Defendant*

**Dated:    August 7, 2008**

4