IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID A. SMILEY | ) | |
| Plaintiff, | ) | C.A. No.: I: 07-005-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED AUTOMOBILE, | ) | |
| AGRICULTURAL AND | ) | |
| AEROSPACE IMPLEMENT | ) | |
| WORKERS UNION, | ) | |
| UAW LOCAL 1183 | ) | |
| Defendant, | ) | |

**PLAINTIFF, DAVID A. SMILEY'S RESPONSE TO DEFENDANT
UAW 1183 MOTION FOR SUMMARY JUDGMENT**

By: David A. Smiley

        Pro se

        814 B Village Circle

        Newark, DE 19713

        Telephone (302) 453-1036

**Dated:**  **August 23, 2008**

Case 1:07-cv-00005-SLR    Document 68    Filed 09/03/2008    Page 2 of 12

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**…………………………………………………..ii

    I.     **Statements of Facts** …………………………………………… 1

    II.    **ARGUMENT**

            **SUMMARY JUDGMENT IS NOT APPROPRIATE AS THERE ARE MATERIAL FACTS IN DISPUTE**…………………….1

    III.   **CONCLUSION** ………………………………………….. 5

            **CERTIFICATE OF SERVICE**…………………………. 6

# TABLE OF AUTHORITIES

**CASES:**                                                                                                              **PAGES:**

Wishkin v. Potter, 476 F.3d 184 (3d Cir. 2007)..........................................2

St. Mary's Honor Center v. Hicks, 509 US 502 (1993) ...........................3

Mc Donnell Douglas Corp. v. Green, 411 US 792 (1973) ......................3

Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061 (3d Cir. 1996) ....3

**STATUTES:**

Federal Rules of Civil Procedure, 56 (c) ……………………………………..2

## **STATEMENT OF FACTS** :

On 5 MAY 05, the Plaintiff David A. Smiley while on disability prescribed by his treating physician was responding to a letter generated by Chrysler, LLC. and reported to the personnel office and was subsequently terminated by the Defendant Chrysler, LLC; after providing evidence which substantiated his absences for treatment by his physician for injuries he sustained during the performance of his duties as a tech 1 door fitter.

Upon notification of his termination, the Plaintiff contacted his shop steward John Mehalchick and informed him that he had provided the necessary requirements as stated in the reinstatement documents provided to him by the Defendant Chrysler, LLC. The Defendant had made no attempts at obtaining information from the Plaintiff for an investigation of his claims, and no contact was made until April of the following year.

The Plaintiff underwent a series of surgical procedures in July of 2008 to correct injuries which he sustained during his employment with the Defendants', resulting in permanent disability.

**ARGUMENT :**

## A. SUMMARY JUDGMENT IS NOT APPROPRIATE AS THERE ARE MATERIAL FACTS IN DISPUTE.

The standard for summary judgment as per the Federal Rules of Civil Procedure 56 (c) states that the moving party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56 (c). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. <u>Wishkin v. Potter</u>, 476 F.3d 180, 184 (3d Cir. 2007).

Because of the Defendant's lack of communicating its responses to the Plaintiff in a timely manner the plaintiff filed a complaint with the EEOC and afterwards received a right to sue letter negating the Defendant's charge of a failure to exhaust his administrative remedies; as it was discovered only after the discovery process did he learn that the union had responded to his request for a grievance to be filed in his behalf.

2

No contact was made with the union member until one year later when the Plaintiff was notified to contact his union official; he did so but no calls were returned to the Plaintiff. The Defendant 1183 on other occasions has failed to represent the Plaintiff when on 17 JUN 02, when they failed to appear on the behalf of the Plaintiff for actions by the Defendant Chrysler, LLC. It should also be noted that no answers to the plaintiff's interrogatories to date have been received. In St. Mary's Honor Center v. Hicks, 509 US 502 (1993) the court followed the precedent of Mc Donnell Douglas Corp. v. Green, 411 US 792 (1973) of which when the employer proffers legitimate, non discriminatory reasons for its treatment of the Plaintiff; a finder of fact's disbelief of the reasons set forth by the defendant "particularly if the disbelief is accompanied with a suspicion of mendacity", together with the elements of the prima facie case of the Plaintiff does suffice to show intentional discrimination.

Similarly, the case of Sheridan v. E.I. Dupont de Nemours & Co., 100 F.3d 1061(3d Cir. 1996)(en banc),cert. denied, 117 S.Ct 2532(1997); the third circuit has held that a plaintiff need only to "cast sufficient doubt", upon the employers proffered reason to permit a reasonable fact finder to conclude that the reasons are incredible. at 1072.

3

The Plaintiff's motion to amend his complaint was granted 21 FEB 08 and an order followed which allowed the Plaintiff to proceed with his claims against the Defendant UAW union 1183.

The Defendant 1183 in its first and only communication to Mr. Smiley since his termination dated 13 FEB 06; arbitrarily stated that a compromise had been reached in regards to his employment, however, it did not in fact state that Mr. Smiley's employment was reinstated nor did they lend themselves to responding to the Plaintiff's attempts at clarification as to its meaning.  There is no record of any other attempts by the Defendant at contacting the Plaintiff by neither telephone nor mailed correspondence. Surely, if the defendant had sincerely wished to make contact it would they would have done so.

The Plaintiff in his reliance to hear from the defendant perhaps to his detriment had no choice but to include the union in his suit because then as now the union insists in its lais-sez faire approach toward its union members and Chrysler, LLC.

## CONCLUSION:

It is for the above stated reasons that the Defendant, UAW Local 1183 should not be granted summary judgment on their behalf; as there are issues of genuine fact in regards to the per functionary handling of the Plaintiff's grievance and the proven history of its non professional mannerism exhibited.

Respectfully submitted,

David A. Smiley

Pro se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID A. SMILEY | ) | |
| Plaintiff, | ) | C.A. No.: I: 07-005-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED AUTOMOBILE, | ) | |
| AGRICULTURAL AND | ) | |
| AEROSPACE IMPLEMENT | ) | |
| WORKERS UNION, | ) | |
| UAW LOCAL 1183 | ) | |
| Defendant, | ) | |

CERTIFICATE OF SERVICE

  I certify that a true and correct copy the Plaintiff's Response to the Defendant UAW local 1183's Reply Brief in Support of its Motion For Summary Judgment; has been mailed via First Class Mail to the address listed below on the date shown below:

Joseph J. Rhodes, Esq. (ID No. 2064)

1225 King Street 12th Fl.

P.O. Box 874

Wilmington, DE 19801

And

Jennifer Gimler Brady, Esq. (ID No. 2874)

Jennifer Wasson, Esq. (ID No. 4933)

Potter, Anderson and Corroon, LLP

Hercules Plaza 6th Fl.

1313 North Market Street

P.O. Box 951

Wilmington, DE 19899


Submitted By: David A. Smiley

Pro se

**Dated: September 2, 2008**

```
                          DAIMLERCHRYSLER              06/12/2002
                        SUPERVISOR'S  REPORT           PAGE:    1
                         DISCIPLINE STEP WW
```

NAME:  SMILEY, DAVID A          DCID/MSTR:     241681  SENIORITY: 04/06/1989

PLANT: 4070  NEWARK ASSEMBLY PLANT       DEPT/GROUP: 9110/002    SHIFT: 1

SUPV:  8925 - E T MASON                          BADGE: 3651

YOU WERE TARDY WITHOUT AN EXCUSE ACCEPTABLE TO MANAGEMENT THUS VIOLATING
THE PLANT POLICY ON TARDINESS ON 06/10/02 OR A PERIOD ENDING ON THAT DAY.

YOU WERE PREVIOUSLY GIVEN A   VERBAL WARNING                 FOR YOUR POOR
ATTENDANCE.

YOU ARE HEREBY GIVEN A WRITTEN WARNING             AND WARNED THAT IF
THERE IS A RECURRENCE OF UNEXCUSED TARDINESS YOU WILL SUBJECT YOURSELF TO
FURTHER DISCIPLINARY ACTION UP TO AND INCLUDING DISCHARGE.

YOUR DISCIPLINARY LAYOFF WILL COMMENCE ON _____ AND YOU WILL RETURN TO
YOUR REGULAR SHIFT ON _____.

IF THERE IS A RECURRENCE OF UNEXCUSED TARDINESS YOU MAY BE SUBJECT TO A

EMPLOYEE WAS SHOWN THIS REPORT.                              (EM)

                                                          T.ME 1343

SUPERVISOR'S SIGNATURE  E.T. Mae_____  DATE 6-17-02

                    SEE ATTACHED ABSENCE HISTORY REPORT FOR
                               DETAILED INFORMATION

UNION REP'S SIGNATURE  _____  DATE _____

UNION REP. DID NOT SHOW UP.
                                              E. Mae

                         PLEASE RETURN ENTIRE PACKAGE
                                     TO
                              LABOR RELATIONS

CHRYSLER 088